SAM DARNELL *v.* STATE.

*(Nashville.* December Term, 1910.)

1. **CONSTITUTIONAL LAW.** General provision in body of stat-
   ute creating board of jury commissioners construed as limited
   to the scope of the title, when.

   A statute (Acts 1905, ch. 233) creating a board of jury commis-
   sioners for counties of a certain population according to the
   federal census is not rendered unconstitutional by a provision
   (in section 19 thereof) that the act shall apply to all grand and
   petit juries in the circuit and criminal courts of the State; for
   the statute and this provision thereof must be construed as
   limited to counties of the prescribed population, so as to bring
   the same within the scope of the caption or title of the act.
   *(Post, pp.* 665, 666.)

   Acts cited and construed: Acts 1905, ch. 233.

2. **JURORS AND JURIES.** Incompetency on account of prior
   service; distinction between emergency and regular jurors
   under local jury law.

   While, under a proper construction of the statute (Acts 1905, ch.
   233), creating a board of jury commissioners and relating to
   juries in counties of a certain population under the federal cen
   sus, an emergency juror, drawn under sections 7 and 8 thereof,
   is not incompetent because of service on a regular jury within
   the two years next preceding, yet a regular juror, though drawn
   under the special provisions of section 13, and though section
   4 allows him to be put on the jury list, is, under section 5, in
   view of sections 6, 11, and 12, incompetent, if he has served on
   a regular jury within the two years next preceding. *(Post, pp.*
   666-674.)

   Acts cited and construed: Acts 1905, ch. 233, secs. 4, 5, 6, 7, 8,
   11, 12, 13.

Darnell v. State.

3. . SAME. Statute amending one section of the Code so as to extend period of disqualification operates to amend other sections in that respect.

A statute (Acts 1883, ch. 198), amending section 3981 of the Code of 1858, as to the time of the appointment of jurors, and providing that no person shall be summoned or serve on the venire who has served on a venire for a period of two years preceding, operates to amend also sections 3988 and 4010 of said Code, so as to extend the period of disqualification from one year to two years, as shown in the corresponding sections in Shannon's Code of 1896, for all these sections must be construed *in pari materia.* (*Post, pp.* 674-676.)

Code cited and construed: Secs. 5793, 5799, 5820, 5821 (S.); secs. 4756, 4763, 4784, 4795 (M. & V.); secs. 3981, 3988, 4009, 4010 (T. & S. and 1858).

Acts cited and construed: Acts 1883, ch. 198.

4. SAME. Juror selected by trial judge is not an emergency juror, and is incompetent for service within two years; reversible error to compel defendant to take him, when.

A juror in a panel selected by the trial judge under section 13 of said Acts 1905, ch. 233, is a regular juror, and is not an emergency juror under sections 7 and 8 of said act, and where such juror has served on a regular jury within the two years next preceding, he is incompetent, and it is reversible error to compel the defendant in a criminal case, over his specific objection upon that ground, to take him as a juror after he had exhausted his peremptory challenges. (*Post, pp.* 676, 677.)

Acts cited and construed: Acts 1905, ch. 233, secs. 7, 8, and 13.

FROM FRANKLIN.

Appeal in error from the Circuit Court of Franklin County.—S. D. McREYNOLDS, Judge.

Darnell v. State.

LYNH & PHILLIPS, for Darnell.

ASSISTANT ATTORNEY-GENERAL FAW, for State.

MR. JUSTICE NEIL delivered the opinion of the Court.

The plaintiff in error was indicted in the circuit court of Franklin county, at its December term, 1909, charged with the murder of one T. J. Harrison. He was convicted of murder in the first degree, and sentenced to be hanged. From this judgment he has appealed, and assigned errors.

In the view we take of the case it is necessary to mention only two of these assignments.

The first of these is that the act under which the jury was impaneled, commonly known as the "jury law of Franklin county" (Acts 1905, c. 233), is unconstitutional because the body of the act is broader than its title. The contention is based upon the following: The act is entitled "An act to create a board of jury commissioners for counties in this State having a population of not less than 20,292, and not more than 20,400 inhabitants according to the federal census of 1900, or that may have that number of inhabitants by any subsequent federal census." After making various and sundry provisions to carry out the purposes indicated by the title, section 19 follows, near the close, in this language: "Be it further enacted, that the provisions of this act will apply to all grand and petit juries in circuit and criminal courts of this State." The same question was decided against plaintiff in error's contention in the case of

*Allie Damron* v. *State*, from Bedford county, at the December term, 1909. *Damron's Case* involved the jury law of Bedford county (chapter 355 of the Acts of 1907), which was a substantial copy of the Franklin county jury law involved in the present case. That case was thoroughly considered by the court, after full argument, oral and written, and a second time on petition to rehear filed by the plaintiff in error. The court held, upon a consideration of the whole statute, that it was the evident intention of the legislature that the section just quoted should be construed as if it read as follows, viz.: "That the provisions of this act shall apply to all grand and petit juries in all circuit and criminal courts of this State *in counties of the population herein prescribed.*" We are of the opinion this was a sound construction, and we adhere to it.

The next assignment is that an incompetent juror, one J. A. Baker, was placed upon the jury, over the objection of plaintiff in error. The ground of incompetency insisted upon was that the juror had served upon the regular jury within two years next before he was taken upon the jury which tried plaintiff in error. The question turns upon the proper construction of certain sections of chapter 233, Acts 1905, supra.

Counsel for plaintiff in error insist that while, under section 4 of the act, it is lawful for the jury commissioners to place upon the jury list persons who have served on the regular jury within two years next preceding the making of the list, and the section referred to in terms provides that "service on the regular panel within

two years shall not disqualify a person," yet that a person actually drawn in a panel is subject to challenge on this ground. This construction is based on a provision in section 5, which, after directing how the panel shall be drawn from the box, continues: "From this panel the grand and petit jurors shall be made up as now required by law, examining each proposed juror to ascertain if he is qualified." It is conceded that under sections 7 and 8, such prior service is not a disqualification; but a distinction is taken on the ground that the jury made up under these sections is an emergency jury. The language of section 8 on this subject is: "That it shall not be cause for challenge of a person drawn or summoned under this section that he has served on a regular jury within two years. Nor shall service on a jury under this section disqualify or excuse him from serving on the regular juries if his name is regularly drawn from the box thereafter. The clerk of the court shall keep a list of all persons serving on juries, as provided in this section, and at the close of each term shall furnish the same to the clerk of the board, who shall enter opposite each such name the words, 'Served on special jury,' together with the date of such service."

We are of the opinion that this is the correct construction of sections 4 and 5. This view is strengthened by the provisions of sections 11 and 12.

In order that this matter may be placed in the proper light, it is necessary that we read together sections 4, 5, 11, and 12, so far as they bear upon this subject.

In section 4 it is provided: "That it shall be the duty of the jury commissioners to select from the tax books of the county and other sources, names of upright and intelligent men, known for their integrity, fair character and sound judgment, from each and every district in the county, and in proportion to the population of said districts as near as may be, and possessing the qualifications now prescribed by law, except that service on a regular panel, within two years shall not disqualify a person, a list of names numbering not less than one-fifth the whole number of votes cast in the county for presidential electors at the presidential election next preceding the making of said list; provided said list shall not, for any one county, contain more than one thousand, nor less than two hundred and fifty, names. Said list shall constitute the jury list for two years from the making thereof, and shall not, during said years, be added to or taken from except as hereinafter provided. . . . Each of the names on said list shall be written on a slip or scroll of paper and placed in an envelope containing no mark or sign indicating the name within the envelope and then placed in a box to be known as the jury box, and so labeled. Said box shall be kept securely locked and under seal and shall not be unlocked or the seal broken except by the order of and in the presence of the board, and then only for the purpose of drawing therefrom the names of jurors, or making a new list as herein provided, or in open court by order of the circuit or criminal court for good and sufficient cause."

Section 5 provides for the drawing of names from the jury box. Upon the completion of the drawing a report of the names thus obtained is prepared, to be submitted to the court. This report is to be delivered to the clerk of the court, to be filed in his office. The clerk of the court must issue to the sheriff, at least five days before the next regular term of the court, a writ of *venire facias* commanding him to summon the persons whose names are set out in the report as jurors for that term of court. This section continues: "That at such regular or special term of the court the judge thereof shall first compare the list contained in the report filed with the clerk with the names on the slips or scrolls delivered in open court by the chairman of the board, and if they correspond they shall constitute the panel of grand and petit jurors for that term of the court, and such report shall be spread upon the minutes of the court. From this panel the grand and petit jurors shall be made up as now required by law, examining each proposed juror to ascertain if he is qualified. In the event that by reason of the disqualification of proposed jurors or other cause, the required number of jurors cannot be obtained from said panel, the clerk of the circuit court shall produce in open court the jury box, and said box shall be opened, and there shall be drawn therefrom in the manner provided for the original drawing, except that it shall be done in open court instead of the presence of the board, the number of names deemed by the judge sufficient to complete the juries."

Section 6 provides that a list constituting the regular grand and petit jurors shall be spread on the minutes. "and it shall be the duty of the clerk of the circuit court to enter in the space following the names of every such juror on the jury list the following words, 'Regular jury,' and also the date of such service on the jury."

Section 11 provides that the jury list which the act orders to be made shall be prepared as soon as practicable after the passage of the act. It then continues: "On the first Monday in July, 1905, or as soon thereafter as practicable, and biennially thereafter the board shall make out a new jury list and place the names in the jury box, the names then remaining in the jury box being first removed; Provided, that, if within two years the number of names remaining in the jury box shall have been reduced until they are less than one-third of the number of names on the jury list, then the judge of the circuit or criminal court shall, by an order made either at chambers or in open court, require the board to renew the list and box as though the two years had expired."

Section 12 provides: "That when a new jury list is to be made, the board shall, if practicable, not put thereon the names of those on the list for the preceding two years, who had actually served during that time as regular jurors."

In order that the provisions above set out may be more conveniently contrasted with those contained in sections 7 and 8, we now copy herein these sections. They are as follows:

Darnell v. State.

"Sec. 7. Be it further enacted, that whenever the judge is satisfied that in any case a jury cannot be obtained from the regular panel, he may, but not earlier than three days before the case is assigned for hearing, cause the jury box to be brought into open court and such number of names as he deems sufficient to obtain such jury to be drawn therefrom, and the sheriff shall forthwith summon the persons whose names" (are) "so drawn," (and) "from the panel so drawn and summoned and the regular panel, the panel shall be made up if practicable, if not, another panel shall likewise be drawn and summoned instanter, and so on, until the jury is completed, or" (if) "the jury box" (is) "exhausted before the jury is completed, the sheriff shall summon such other men as may be designated by the presiding judge until the jury is completed; Provided, that in case of emergency the presiding judge may in his discretion, where the regular panel has been exhausted before the jury is completed, furnish the sheriff with additional names, who shall forthwith be summoned by the sheriff, and so on until the jury is completed. The judge shall not place on the list the name of any person who seeks directly or indirectly through another to be summoned as a juror, and such solicitations shall operate to disquality said persons for jury service.

"Sec. 8. Be it further enacted, that it shall be a misdemeanor punishable by a fine of not less than twenty-five nor more than fifty dollars, for any person to request, or have another request, to be placed upon said jury list. The names drawn from the jury box under

this section shall be carefully preserved and returned to
the jury box, whether such persons serve on the jury or
not, in the same manner as hereinbefore provided with
respect to names of those drawn, but not serving as
regular jurors. It shall not be cause for challenge of a
person drawn or summoned under this section that he
has served on a regular jury within two years, nor shall
serving on a jury under this section disqualify or excuse
him from service on the regular juries, if his name is
regularly drawn from the box thereafter. The clerk of
the court shall keep a list of all persons serving on juries
provided in this section, and at the close of each term
shall furnish the same to the clerk of the board, who
shall enter opposite each such name the words, 'Served
on special jury,' together with the date of such service."

It should be observed, in explanation of the language,
"the names drawn from the jury box under this section,"
appearing in section 8, that sections 7 and 8 of the act
under examination were copied from section 7 of chapter
124 of the Acts of 1901, and these two sections should be
read as one section in order to be properly understood.
It is seen that in section 8 it is declared: "It shall not
be cause for challenge of a person drawn or summoned
under this section that he has served on a regular jury
within two years, nor shall serving on a jury under this
section disqualify or excuse him from serving on the
regular juries if his name is regularly drawn from the
box thereafter. The clerk of the court shall keep a list of
all persons serving on juries provided in this section, and
at the close of each term shall furnish the same to the

Darnell v. State.

clerk of the board, who shall enter opposite each such name the words, 'Served on special jury,' together with the date of such service." There can be no mistaking the fact that there is a radical difference between the provision thus quoted and those upon the same subject in sections 4 and 5. In section 4 it is provided that service on the regular jury within two years shall not disqualify a person from being placed upon the large lists of from 250 to 1,000 names to be used for two years; but section 5 declares that, when a panel is made up from the names so put in the box, each person whose name appears upon the panel shall be examined to ascertain if he is qualified—referring, of course, to the general qualifications and disqualifications of jurors as laid down in existing laws. That no exception is indicated in favor of persons who have been on the regular jury within two years is manifest from the solicitude shown in section 6, requiring the words "Regular jury" to be put after the name of each person serving on the regular jury at any term, and also by the language of section 12, to the effect that, when a new jury list is made, the board shall, "if practicable," not put on the list the names of persons who have actually served during the preceding two years as regular jurors. The evident purpose of this was to reduce as far as possible the necessity of laying aside from time to time, when panels should be drawn, the names of those who had been on a regular jury. In other words, it appears from these sections that, while the fact that one has served on the jury within two years will not prevent his name going into the jury box, yet he is subject

to challenge on that ground when actually drawn on the regular panel. However, there is a use reserved for such persons under sections 7 and 8. These sections provide for emergency jurors. Thus construed, the act is consistent and reasonable.

It is insisted in behalf of the State that, whatever may be the true construction of the sections we have referred to, no error was committed in the present case, because it does not appear that the juror Baker had served on the regular jury within twelve months next preceding the time he was called. It is insisted that the disqualification is not for service within two years, but only for service within twelve months. This is based upon the proposition that Mr. Shannon, in his compilation of 1896, carried forward the amendment which was made by Acts 1883, c. 198, in section 3981 of the Code of Tennessee, into the other sections, which prescribe the qualifications of jurors.

To make this matter plain, it should be stated that the Act of 1883 reads as follows:

"An Act to amend section 3981 of the Code of Tennessee.

"Section 1. Be it enacted by the general assembly of the State of Tennessee, that section 3981 of the Code of Tennessee be amended so as to read as follows: The county court of each county shall, at its quarterly session, held next preceding each term of the circuit court, appoint the jurors to serve at the next succeeding court: Provided, that no person shall be summoned or serve on the venire who has served on a venire for a period of two years preceding."

Section 3981 in the Code of 1858 reads:

"The county court of each county shall, at the first session after each term of the circuit court, designate twenty-five good and lawful men to serve as jurymen at the next succeeding court."

Section 3988 reads:

"No court shall appoint any person to serve as a juror more than one time in each period of twelve months, either on the original panel or to fill a vacancy therein; nor any person who has an action pending in the court at the term to which he is nominated."

The above sections appear in article 1 of chapter 5 of title 4 of part 3 of the Code of 1858. Sections 4009 and 4010, appearing in article 3, read as follows:

"4009. Either party to an action may challenge for cause any person presented as a petit juror in either a civil or criminal proceeding who is incompetent to act as a juror under the provisions of the foregoing article.

"4010. Or any person who has a suit then pending for trial at the same term of court, or who has an adverse interest in a similar suit involving like questions of fact, or with the same parties, or any person who has served as juror for one term within the twelve months next preceding."

Mr. Shannon, in making his compilation, changed, in his sections corresponding to section 3988 (Shannon's Code, sec. 5799) and section 4010 (Shannon's Code, sec. 5821), the words "twelve months," so as to make each section read "two years."

This action on the part of Mr. Shannon is challenged by the learned assistant attorney-general, who has conducted the case for the State. The reason assigned is that the Act of 1883 amended only section 3981 of the Code of 1858.

It is true that, in terms, the act of 1883 did amend only section 3981, yet all of these sections must be construed *in pari materia*, and the effect of the amendment of section 3981 was to work a corresponding change in the other sections quoted.

Returning now to the act of 1905, it is correctly urged in behalf of the plaintiff in error that the juror in the present case was not selected under sections 7 and 8 of that act as an emergency juror, but as a regular juror under section 13, which reads as follows:

"Be it further enacted, that if for any reason the court should at any time discover that the jury box has not been filled or renewed, or that the jury list has not been prepared or renewed as required by law, or the panel drawn therefrom, as required by law, or the jury box has been tampered with, the circuit or criminal judge may have the right to investigate said jury box and also the jury list, and see that this act is duly enforced, and should it be discovered that any irregularities or frauds exist, correct them. If for any reason a legal panel is not furnished a circuit or criminal court at any regular or special term as provided by this act, then the judge of said court shall have the right to select a panel, and such additional jurors as may be needed by this court during said term of court."

Darnell v. State.

The record shows that the jury was selected under the circumstances provided for in this section, and that the juror Baker was one of the regular jurors so chosen for membership in the panel. It follows from this construction of the statute that Baker was an incompetent juror, and, inasmuch as he was forced by the trial judge upon the plaintiff in error after he had exhausted his peremptory challenge over his specific objection, we think reversible error was thereby committed.

It results that for the error last mentioned the judgment of the court below must be reversed, and the cause remanded for a new trial.