### In The

# SUPREME COURT OF TENNESSEE

#### For The

## WESTERN DIVISION

### JACKSON, APRIL TERM, 1916.

WILLIAM WILSON *v*. LIZZIE WILSON.. (No. 11.)

*(Jackson.* April Term, 1916.)

1. **STATUTES.** Privileges or immunities. Special laws.

Acts 1915, chapter 121, providing for the appointment of divorce proctors in counties having a population of over 100,000, etc., is not violative of Constitution article 11, section 8, providing that no law shall be passed granting special rights, privileges, or immunities, and that only general laws shall be passed, since the legislature may pass special laws affecting particular counties as governmental or political agencies, while legislation on the subject of divorce chiefly involves governmental and political questions. (*Post, pp.* 701, 702.)

Acts cited and construed: Acts 1915, ch. 121.

Cases cited and approved: Redistricting Cases, 111 Tenn., 234; Prescott v. Duncan, 126 Tenn., 106; State v. Turnpike Co., 131 S. W., 683.

Constitution cited and construed: Art. 11, sec. 8.

134 Tenn.]  (697)

2. DIVORCE. Statutes. Legislature divorce. Statute appointing proctors. Constitutionality.

Said act is not violative of Constitution article 11, section 4, providing that the legislature shall have no power to grant divorces, but may authorize the courts of justice to grant them for such cases as may be specified by general laws uniform in their operation throughout the State, since the statute does not specify causes for divorce. (Post, pp. 702, 703.)

Acts cited and construed: Acts 1915, ch. 121.

Cases cited and approved: Turner v. State, 111 Tenn., 593; Condon v. Maloney, 108 Tenn., 82; Cook v. State, 80 Tenn., 408; Hall v. State, 124 Tenn., 235; Darnell v. State, 123 Tenn., 663.

Constitution cited and construed: Art. 11, sec. 4.

3. STATUTES. Title. Subject-matter.

Acts 1915, chapter 121, entitled "An act to create the office of divorce proctor; to define his qualifications, duties and powers; to provide the manner of his election, term of office and compensation," etc., is not violative of Constitution article 2, section 17, providing that statutes shall contain but one subject, expressed in the title, in that the body of the act is broader than its title. (Post, p. 703.)

Constitution cited and construed: Art. 2, sec. 17.

4. CONSTITUTIONAL LAW. Divorce. Courts to be open. Statute.

Acts 1915, chapter 121, section 3, providing that it shall be the duty of a divorce proctor to acknowledge service upon him of a copy of every bill for divorce, which acknowledgment shall be indorsed by him upon the original bill before the same is filed in any court in this county, and no bill shall be filed unless bearing such acknowledgment over the proctor's signature, with the date of service, is not violative of Constitution article 1, section 17, providing that courts shall be open and justice administered without sale, denial, or delay, since the proctor has no discretion whatever in the manner of ac-

knowledging service of bills for divorce, and must indorse each bill presented to him—duty compellable by mandamus. (*Post, pp.* 703, 704.)

5. **DIVORCE.   Fee of divorce proctor.   Statute.   Constitutionality.**

Acts 1915, chapter 121, providing for the appointment of divorce proctors in counties of over 100,000 population, and that the fee of the proctors shall be fixed as part of the costs, is not unconstitutional on the ground that he is a State officer whose fee must be paid by the State out of its treasury; there being no such constitutional requirement. (*Post, pp.* 704, 705.)

6. **DIVORCE.   Fee of divorce proctor.   Statute.   Constitutionality.**

Such provision is not unconstitutional as permitting the county in which a case is tried to levy a tax for State purposes, since the fee is not a tax, and is not levied by the county. (*Post, p.* 705.)

7. **CONSTITUTIONAL LAW.   Costs.   Due process.   Proctor's fees.**

The provision of such act that the fee of the proctor be taxed to the successful party as part of the costs is not unconstitutional as taking the successful party's property without due process of law, since it is proper for the legislature to tax the successful party to litigation with the expense of the employment of the court's machinery, resulting in his benefit, while the legislature may provide for the taxation of costs of litigation as it may deem proper; the matter of costs of litigation being essentially statutory. (*Post, pp.* 705, 706.)

Case cited and approved: Mooneys v. State, 10 Tenn., 578.

Codes cited and construed:   Secs. 4230, 4945, 6310 (S.).

8. **TAXATION.   Uniformity.   Statute.   "Tax."**

Such provision is not violative of the constitutional provision as to uniformity of taxation; the fee not being a "tax." (*Post, p.* 706.)

9. **DIVORCE.** Appointment of deputy proctor. Statute. Constitutionality.

Said act is not unconstitutional because providing that the proctor himself appoint his deputy. (*Post*, p. 706.)

Case cited and approved: Prescott v. Duncan, 126 Tenn., 106.

FROM SHELBY

Appeal from the Chancery Court of Shelby County. —FRANCIS FENTRESS, Chancellor.

A. H. MURRAY and C. C. GILLESPIE, for appellant.

R. L. BARTELS and L. D. BEJACH, for appellee.

MR. JUSTICE GREEN delivered the opinion of the Court.

The validity of chapter 121 of the Acts of 1915 is involved in this suit.

The act aforesaid undertakes to provide for the appointment of divorce proctors in counties of the State having a population of over 100,000, and to prescribe the duties of such officials. Among other provisions of the act is one for a fee of $5 to be allowed to the divorce proctor in each divorce case, to be taxed as part of the costs of the cause.

The complainant in this case was granted a divorce by the chancery court of Shelby county, and was taxed by the court with the payment of the $5 fee for the

proctor.  The complainant made a motion to retax the costs so as to be relieved of the payment of this fee. This motion was overruled by the court below, and the complainant has appealed to this court.  The assignments of error raise a number of questions involving the constitutionality of the statute.

It is first insisted that chapter 121, Acts of 1915, is in violation of section 8, article 11, of the Constitution, providing that no law shall be passed which grants to any individual or individuals special rights, privileges, or immunities, and that only general laws shall be passed.  It is insisted that the effort to apply this statute only to those counties having a population in excess of 100,000 is an arbitrary and unreasonable classification.

This assignment of error must be overruled.  The late cases decided by this court hold that the legislature may pass special laws affecting particular counties as governmental or political agencies.  *Redistricting Cases,* 111 Tenn., 234, 80 S. W., 750; *Prescott* v. *Duncan,* 126 Tenn., 106, 148 S. W., 229; *State* v. *Columbia, etc., Turnpike Company,* 181 S. W., 683.  This statute was not designed immediately to affect the rights of the citizen.  Organized society is vitally interested in the preservation of the marriage relation.  Fraudulent and unwarranted divorces tend to corrupt the morals of the community.  The statute on its face declares its purpose to be the protection of society and the preservation of the sanctity of the marriage relation.  It cannot be denied that legislation on these sub-

jects chiefly involves governmental and political questions. While the rights of individuals are incidentally affected, the dominant purpose of the statute was to accomplish good for the county as a body politic.

The next assignment of error makes the point that the act of 1915 contravenes section 4, article 11 of the Constitution, providing that:

"The legislature shall have no power to grant divorces, but may authorize the courts of justice to grant them for such causes as may be specified by law, but such laws shall be general and uniform in their operation throughout the State."

It is urged that this constitutional provision makes it impossible to provide divorce proctors for two counties only.

The section of the Constitution quoted declares that the law shall specify the causes for divorce, and that such laws shall be general and uniform. What laws? The laws specifying the causes for divorce. Such appears to be the plain meaning of this section of the Constitution.

Chapter 121, Acts of 1915, is not a law specifying causes for divorce. It does not deal with that subject at all. The statute only undertakes to regulate the procedure in divorce cases in the two largest counties of the State. Such legislation is permissible. This court has upheld a statute providing for the selection of juries in Shelby and Davidson counties. *Turner v. State,* 111 Tenn., 593, 69 S. W., 774. It is equally competent for the legislature to provide for divorce proctors in

these two counties.    Both statutes regulate matters of procedure; such regulation appearing to the legislature to be necessary in the more populous counties. See, also, *Condon* v. *Maloney,* 108 Tenn., 82, 65 S. W., 871; *Cook* v. *State,* 90 Tenn., 407, 16 S. W., 471, 13 L. R. A., 183; *Hall* v. *State,* 124 Tenn., 235, 137 S. W., 500; *Darnell* v. *State,* 123 Tenn., 663, 134 S. W., 307.

It is further argued that the act of 1915 is in violation of section 17 of article 2 of the Constitution, in that the body of the act is broader than the caption. Counsel point out no part of the statute as beyond its title, and upon investigation the court discovers nothing contained in the act that may not fairly be included within the scope of the caption.

It is next argued that the statute contravenes section 17 of article 1 of the Constitution, providing that all courts shall be open, and that justice shall be administered without sale, denial, or delay.

The point of this criticism is that by section 3 of this statute it is provided that:

"It shall be the duty of the divorce proctor to acknowledge service upon him on a copy of every bill for divorce which acknowledgment of service shall be indorsed by him upon the original bill before the same is filed in any court in his county and no bill shall be filed unless it bears such acknowledgment over the signature of the divorce proctor with the date of service."

The argument is that under this section of the statute no bill for divorce can be filed without the consent of the divorce proctor and that it is within the power

of the proctor to defeat or delay the suit of anyone entitled to divorce.

This argument is not sound. The divorce proctor has no discretion whatever in the matter of acknowledging service of bills for divorce. The statute absolutely requires him to endorse his acknowledgment on each bill presented to him. If he refuses, mandamus would lie. If he is contumacious, the ouster law is quite effective.

It is conceivable of course, that the divorce proctor might be absent or might be obstinate and cause a litigant some trouble. So the clerk of the court might refuse to file the bill when presented to him, and the judge might refuse to hear the case. It is not to be supposed, however, that any official would willfully violate duties imposed upon him by statute. Such a violent assumption cannot be made the basis of a claim that the constitutional rights of litigants have been invaded by a statute imposing clerical duties upon court officials. This statute provides for a divorce proctor and a deputy, and the presumption is that one of them will always be on hand to attend to the duties of the office just as the clerk or his deputy is always on hand to attend to the duties of that office.

The sixth, seventh, and eighth assignments of error attack that section of the statute providing that the fee of the divorce proctor be taxed as part of the costs.

It is first said that the divorce proctor is a State officer, and that his fee must be paid by the State out of its treasury. We know of no such constitutional re-

quirements as this.   Many State officers are paid by fees which they themselves collect.   All the clerks of this court obtain their compensation from the litigants in this manner.   Likewise numerous inspectors of various sorts, all of whom are State officers, derive their compensation from fees which they themselves collect.

It is then said that the fee cannot be taxed as costs and paid to the proctor, because this permits the county in which the suit is tried to levy a tax for State purposes.

The answer to this is twofold.   This fee of the divorce proctor is not a tax.   It is not levied for purposes of revenue at all.   It is assessed to pay the expenses of litigation in divorce cases.   It compensates one of the officers of the court for his services.   Moreover, the fee is not levied by the county, but is levied by the State under the direct terms of the statute.

It is furthermore insisted that allowing the successful party to be taxed with the proctor's fee is a taking of that party's property without due process of law.

This proposition cannot be maintained.   If a party is successful in a suit, then it may be said that the court machinery has been employed in his behalf and for his benefit.   It is entirely competent for the legislature to tax him with the expense of such employment of such machinery.   We have a number of statutes in Tennessee under the terms of which successful litigants may be taxed with court costs.   Since 1835 we have had a stat-

ute providing that the court might decree costs against either party in a divorce suit. Shannon's Code, section 4230. Since 1847 further statutes have provided that costs accruing at the instance of the successful party which could not be collected out of the other party might be recovered against the successful party. Shannon's Code, section 4945. Likewise there are statutes authorizing courts of equity to tax the costs to either party at their discretion and other statutes to which we might advert. Shannon's Code, section 6310.

The matter of costs it essentially statutory. 11 Cyc., 24; 7 R. C. L., p. 780; *Mooneys* v. *State*, 10 Tenn. (2 Yerg.), 578. There is no constitutional restriction on the power of the legislature, and that body may provide for the taxation of costs of litigation in such manner as it may deem proper.

It is finally said with reference to the proctor's fee that it violates the constitutional provision as to uniformity of taxation.

As we have just seen, this fee is not a tax. It is not imposed for revenue purposes at all. The constitutional provision relied on therefore has no application to the case.

Replying to the ninth assignment of error, we see no objection to the appointment of the deputy proctor by the proctor himself. The objections here made were considered in *Prescott* v. *Duncan*, 126 Tenn., 106, 148 S. W., 229, and there disposed of.

On the whole case we do not think the statute in question is open to any of the constitutional objections urged against it, and the decree of the chancellor sustaining the validity of the act will be affirmed.