STATE *ex rel.* MARY TAYLOR *v.* GEORGE M. TROTTER, COUNTY
JUDGE.

(*Knoxville.*   September Term, 1925.)

1. **CONSTITUTIONAL LAW. Statutes. Title to act held to show typo-
graphical error, and on correction act not unconstitutional because
title states two subjects.**

In title of Mother's Pension Fund Act 1921, reciting that act is for
fund to support children of indigent mothers "and to provide for
fraudulent practice in conection with it," the word "for" is a
typographical mistake, intention being to use word "against," and
the court has power to make such correction, and as corrected the
act is not unconstitutional on the ground that its title states two
subjects.   (*Post, pp.* 219, 220.)

Acts cited and construed: Acts 1921, ch. 104.

Cases cited and approved: Ashby v. State, 124 Tenn., 690; Darnell v.
State, 123 Tenn., 663.

2. **INFANTS. Informal ex parte application held sufficient under Pen-
sion Act.**

Under Mother's Pension Fund Act 1921, section 4, providing that al-
lowance shall be made after public hearing by judge of juvenile
court on application of mother, informal *ex parte* application is
sufficient, and it is not necessary to bring suit and make county and
county judge parties.   (*Post, pp.* 220, 221.)

3. **CONSTITUTIONAL LAW.   Infants.   Allowance of pension on ex
parte application of mother held not to take county funds without
due process, where funds were provided by legislative authority.**

Mother's Pension Fund Act 1921, permitting allowance on *ex parte*
informal application of mother, does not take property of coun-
ty without due process of law, since there is no recovery from
county; funds having been provided pursuant to legislative au-
thority.   (*Post, pp.* 220, 221.)

4. **MANDAMUS.** On application for mandamus to compel judge to enforce order of juvenile court, no error to consider petition and order of juvenile court in connection with deposition of judge.

Where juvenile court made allowance under Mother's Pension Fund Act 1921, which county judge refused to enforce on ground only that procedure was *ex parte*, and, on application for mandamus to compel county judge to act, petition and order of juvenile court, were attached as exhibits to the bill, it was not error for the chancellor to consider such petition and order in connection with deposition of county judge. (*Post, pp.* 221, 222.)

5. **MANDAMUS.** Where no date inserted in decree, date of entry would be supplied.

In affirming decree granting mandamus to compel allowance to indigent mother under Mother's Pension Fund Act 1921, where no date was inserted in decree for beginning of making payments, date of entry of decree would be inserted. (*Post, p.* 222.)

---

*Headnotes 1. Constitutional Law, 12 C. J., Section 387; Statutes, 36 Cyc., pp. 1022, 1023; 2. Infants, 31 C. J., Section 14; 3. Constitutional Law, 12 C. J., Section 999; Infants, 31 C. J., Section 14; 4. Mandamus, 38 C. J., Section 672; 5. Mandamus, 38 C. J., Section 754 (Anno).

---

### FROM KNOX.

---

Appeal from the Chancery Court of Knox County.— HON. CHAS. HAYS BROWN, Chancellor.

A. GRAHAM McILWAINE, for appellant.

JAS. G. JOHNSON, for appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

In this case the judge of the county court of Knox county appeals from a decree awarding mandamus requiring him to make certain disbursements from the county funds under the Mother's Pension Fund Act of 1921 (Pub. Laws 1921, chapter 104). Five errors are assigned, raising substantially two questions: First, that the decree was not sustained by proof; and, second, that the act of 1921 is unconstitutional on the alleged ground that the title contains two subjects.

Disposing first of the constitutional question, we are not of opinion that the point made is well taken. After reciting that the act is to provide for a fund for the partial support of children of indigent mothers and to prescribe the conditions under which said fund shall be appropriated, etc., the caption goes on to recite, "and to provide for fraudulent practice in connection with it." It is quite apparent that there is a typographical mistake in this line, and that the evident intent was to use the word "against" instead of the word "for." With this correction, the power to make which is fully recognized by the authorities, the alleged inconsistency disappears, and this assignment must be overruled. *Ashby* v. *State,* 124 Tenn. 690, 139 S. W. 872; *Darnell* v. *State,* 123 Tenn. 663, 134 S. W. 307.

The basis of the insistence that the decree was unsupported by the proof is as follows: Pursuant to section 4 of the act, the mother made application in the form of a petition to the juvenile court, there being such a court in Knox county, and that court, having considered the application, made an order for the payment of certain sums, reciting that payment was to be made by the county court in accordance with the provisions of the act.

Thereupon a certified copy of this order, and of the petition, was presented to the county judge, who failed to make the payment. After efforts had been made to induce the county judge to make these payments in accordance with the decree of the juvenile court, this bill was filed, to which was attached as exhibits the aforesaid petition and order. Upon the proof and record, the chancellor granted the writ of mandamus.

It is said for the appellant that, in the first place, the petition and order of the juvenile court shows that it was an *ex parte* proceeding, neither the county of Knox nor the county court nor the judge of that court having been made parties, and it is insisted that the judgment of the juvenile court was therefore void because in violation of the Constitution. In the second place, it is said that these exhibits to the bill did not constitute proof which might properly be looked to by the chancellor in his consideration of the case.

Upon an examination of the act we are satisfied that a formal suit, in the ordinary acceptation of the term, and in accordance with general rules of practice in cases of such suits, was not contemplated. The act provides that the ''allowance shall be made after a public hearing by the judge of the juvenile court . . . on application of the mother of the child or children,'' etc. It is quite evident that this ''application'' may be made in the most informal manner, without burdening this indigent mother with the expense of counsel fees, or the preparation and presentation of formal papers. We are of opinion that the act contemplates, or certainly permits, this ''application'' to be made *ex parte;* that the judge of the juvenile court for Knox county is for

all essential purposes the representative of the county of Knox. The requirement of "a public hearing by the judge" is the notice, and the only notice, which seems to be required or contemplated by the act. To construe the act as necessitating the bringing of a suit against the county and the prosecution of such litigation by the indigent widow would practically destroy its efficacy. The act provides that the application shall be made to the county judges in counties having no juvenile court, and certainly it was not intended that upon such an application made to the county court that a suit should be instituted and parties served with process and brought before the county judge as defendants. Nor is property of the county taken by this proceeding without due process of law, in violation of the Constitution. The fund having been provided pursuant to legislative authority, only the matter of allotment among those entitled thereto is involved. There is no recovery from the county, but a distribution of an appropriation only. We are of opinion that so much of the assignment as is based upon this contention must be overruled.

Nor do we think that the chancellor was in error in considering this petition and order of the juvenile court in connection with the deposition of the county judge and basing his decree thereon. The answer of the county judge does not deny, but in effect concedes, that this petition was filed in the juvenile court of Knox county, and that the exhibits filed are copies of the originals, as plainly appears from paragraph 3 of the answer; the defense being rested chiefly upon the proposition heretofore considered that these exhibits show the proceeding before the juvenile court to have been *ex parte*. More-

over, we think the testimony of the county judge, taken as a whole, constitutes evidence that the application was made to the juvenile court, and that the order or decree relied on was made by that court, and that application had been duly made to the county judge to make the payments called for thereby.

Some question is made in the record as to the failure of the complainant to establish the fact that a fund had been provided out of which the county judge might make these disbursements, but, without going into details with respect to this matter, we are satisfied that a fund of at least $100 was available and might have been drawn upon by the county judge.

In the course of the argument of counsel for appellant, attention is called to the fact that no dates are inserted in the decree of the chancellor for the beginning of the making of the payments at the rate of $15 per month, the decree reading, "beginning on the 1st day of ———— 192—, and continuing until said fund is exhausted," although no assignment is based upon this omission. This date being in blank, the decree of the chancellor will be affirmed, the date of the entry of his decree being supplied, being June 29, 1925.