BAKER *et al. v.* STATE.

(*Knoxville,* September Term, 1950.)

Opinion filed December 9, 1950.

Rehearing denied January 13, 1951.

RALPH V. REED, of Maryville, for plaintiffs in error.

NAT TIPTON, Assistant Attorney General, for the State.

Mr. Justice Gailor delivered the opinion of the Court.

Defendants appeal from conviction of incest and punishment of not less than five nor more than ten years in the penitentiary for the offense.

The Defendant Lillian McConkey is the half-sister of the mother of the Defendant Arthur Baker, and we find the evidence conclusive that prior to the arrest of the Defendants, they had been living together as man and wife. No question is made, but that the convictions are justified under Code Sections 11177 and 11178.

The only assignment of error that is pressed upon us to support the appeal is the argument that the selection and composition of the trial jury was illegal and unconstitutional because two of the jurors who heard and decided the case had served as regular jurors on previous panels within two years of the trial. The Trial Judge disallowed challenges for cause, and held that the Jurors were qualified under the express provisions of Chapter 556 of Private Acts of 1931, the substance of the title of

which is: "An Act to create a Board of Jury Commissioners for counties in this State having a population (then follows a series of population figures with reference to the Federal census of 1930 to make the Act applicable to Blount and other counties there specified by population) and for the selection of juries in said counties; to prescribe the duties of the members of said Boards of the Circuit and Criminal Judges holding Court in said counties in selecting juries; to punish violations of this Act; to provide for jury lists and jury boxes in each of said counties; and to repeal all laws or parts of laws in conflict with this Act."

By Section 5 of the Act, it is provided that Jury Commissioners created by the Act shall meet every two years, and at this meeting select a list of not less than 400 nor more than 800 names of jurors for the ensuing two years. In this same Section, it is expressly provided: ". . . but service on a regular panel within two years shall not disqualify a person from jury service under this Act."

Again, in Section 10 of the Act, provision is made for the selection of special jurors when the regular panel has been exhausted, or when the Judge sees that the regular panel will be exhausted, and with reference to these special jurors it is again expressly provided: ". . . it shall not be cause for challenge of a person drawn or summoned under this Section that he has served on a regular jury within two years . . ."

In the present case, two jurors, Goddard and Martin, were asked on their voir dire, whether they had served on juries in the Criminal and Circuit Courts of the County in two years, and both of these jurors replied that they had. The attorney for Defendants then chal-

lenged for cause, and this challenge was overruled and the jurors seated.

The substance of Defendants' argument to support the assignment of error on this action of the Trial Judge, is as follows: "The principal question involved in this cause is whether Chapter 556 of the Private Acts of 1931, a Jury Commission Act for the Fourth Judicial Circuit, embracing in its caption each County in such Judicial Circuit, is Constitutional, in that said Act provides that it shall not be cause for challenge that persons have served on regular juries within two (2) years."

██ ██ That a Private Act affecting one county or several counties, by providing for the election of a Jury Commission and a special method of selecting jurors in those counties, is constitutional and unobjectionable, has been so frequently held by this Court as to be no longer an open question. It is apparently the insistence of the Defendants that because the general law, Code Section 9990, provides: "No court shall appoint any person to serve as a juror more than one time in each period of two years . . ." the repeal of this provision of general law by implication by the Private Act of 1931, was an unreasonable classification and arbitrary and vicious class legislation, violating Art. I, Section 8, and Art. XI, Section 8, of the Constitution of Tennessee.

Although the State does not point it out in its brief, the identical question was decided against the contention of the Defendant in the case of *Turner* v. *State,* 111 Tenn. 593, 602-603, 69 S. W. 774. In that case, a Private Act of 1901, which created a Board of Jury Commissioners for Shelby and Davidson counties and which provided for the selection of juries in a manner special to those counties, was under attack before this Court. The Court held that such an Act was not arbitrary nor vicious

class legislation and that since it affected counties in their governmental capacities, that the amendment of general law to apply to those counties was not objectionable. That Private Act also eliminated the disqualification on account of service within two years, a provision of general law, which was then carried in Shannon's Code at Sections 5793 and 5799. Upholding the legislative power to eliminate the disqualification by Private Act, the Court also held that the necessary amendment might probably be made by implication, *Turner* v. *State,* 111 Tenn. at pages 603-604, 69 S. W. at pages 776-777. The decision in *Turner* v. *State,* supra, was followed and approved in *Darnell* v. *State,* 123 Tenn. 663, 134 S. W. 307, which is relied on by the present Defendants. In the Darnell case, there was under attack a jury law for Franklin County, and under the peculiar wording of the Act, jury service within two years did not disqualify a regular juror, but did disqualify an ''emergency'' or special juror. Over the objection of Defendant a special juror, who had served on regular juries within two years, was seated in the box. This was in violation of the terms of the Private Act and so was reversible error. We have no such situation in the present case, as both Goddard and Martin are members of the regular panel, and as stated, the Private Act of 1931 provides that service within two years shall not be a disqualification either of regular, Section 5, or special, Section 10, jurors.

Evidence of the State was undisputed, as neither Defendant took the stand or offered any evidence in defense.

All assignments of error are overruled and the judgment is affirmed.

All concur.