GRIFFIN *v.* DAVIDSON COUNTY *et al.*

(*Nashville,* December Term, 1951.)

Opinion filed July 11, 1952.

WILLIAM J. HARBISON and TRABUE & STURDIVANT, all of Nashville, for complainant.

Horace Osment, County Attorney, of Nashville, and Thomas H. Goodman, Assistant Attorney General, for defendants.

Mr. Justice Prewitt delivered the opinion of the Court.

This case involves the constitutionality of Chapter 253, Private Acts of 1951, which authorizes the quarterly courts of certain counties, particularly Davidson County, to compensate persons damaged by the torts of county employees committed while performing governmental functions of the county.

The Chancellor upheld the constitutionality of the Act and has fully expressed our views on the subject so we adopt his opinion as the opinion of this Court.

The Chancellor's memorandum is as follows:
"G. A. Griffin

vs.                              No. 70779

Davidson County, et al.,

"I. As is pointed out in the able brief filed on behalf of complainant, this case involves the constitutionality of Chapter 253, of the Private Acts of 1951 which authorizes the Quarterly County Courts of certain counties, particularly Davidson County, to compensate persons for damages resulting from the torts of county employees engaged in performing governmental functions of the County.

"The statute does not attempt to remove the cloak of governmental immunity on which the counties have so long relied to shield them from responsibility from the torts of their employees. This immunity is still available to the county even though the Act in question be held valid.

"As is pointed out, the statute in question is very similar in its import to the statutes setting up the State Board of Claims of Tennessee (Code Section 1034.26 et seq.)

"There is no provision for an appeal from the decision of the County Court on a claim presented to it. The Act does not undertake to compel the county to pay a claim, or to take out liability insurance, but does provide that the Act will not be operative if and when such insurance is procured.

"The Act does not confer any enforceable right upon any citizen. It is merely an enabling Act permitting the county affected to pay a claim for which it would be liable except for governmental immunity.

"The defendant takes the position, (1) That the rights conferred by the Act in question are rights which affect the county in its property rights exclusively, and do not affect the county in its political or governmental capacity, hence such rights may only be conferred by general

law. (2) That there is no conceivable reason or justification for singling out Davidson County for such legislation, hence the Act is void as vicious class legislation. (3) That an appropriation, if made by the county to compensate the complainant or anyone else affected, would constitute a gift or gratuity and such appropriation would be void.

"II.

"It is difficult for the Court to see how the county can escape the justifiable accusation that it blows hot and cold on the proposition at hand.

"Persons who have been injured on account of the negligence of county highway employees operating county owned vehicles on county business, have been universally unsuccessful in prosecuting claims for damages against the county, because the county has insisted that building and maintaining highways is a governmental function, thus covering the county with a cloak of immunity.

"But when the legislature has passed an Act which permits the county to shed its cloak of immunity, under circumstances where it is morally liable and would be legally so, except for governmental immunity, the county very deftly (and with the same facility that we change metaphors) shifts the shoe to the other foot and says that the Act 'does not even incidentally affect the county in its political or governmental capacity.'

"III.

"There is no general statute in Tennessee dealing with the subject of tort liability of local governments, and there is no general Act dealing with the doctrine of governmental immunity, except the statutes creating the State Board of Claims.

"While this Court recognizes, and readily concedes, that the question of the validity of the statute involved herein is a close one and could be decided by the Courts either favorably or unfavorably to the complainant, nevertheless, it seems somewhat more reasonable to the Court that the Act should be held valid than that it should be held invalid.

"Therefore, following the well known and thoroughly established rule that if the Courts can give a statute any reasonable construction that will render it valid, it is the Court's duty to do so, the Court is constrained to hold that the Act in question is valid.

"It seems to the Court that the Act should be held to apply to the county in its governmental capacity and that, therefore, the class doctrine does not apply.

"See *Wilson* v. *Wilson,* 134 Tenn. 697, 185 S. W. 718; *Hamilton County* v. *Bryant,* 175 Tenn. 123, 132 S. W. (2d) 639; *Hamilton County* v. *Gerlach,* 176 Tenn. 288, 140 S. W. (2d) 1084, and other cases.

"The proposition advanced by the defendant that an appropriation, if made by the County Court, would constitute a gift or gratuity and would thus be void, is premature in that we have no assurance that the County Court will make an appropriation in such case, but it may be observed that if the Court can appropriate funds for the payment of insurance premiums to insure against liability in tort cases, it would seem that, by the same token, it might validly make an appropriation for the relief of the one injured through negligence of a county employee in a proper case, under the authority of this Act.

"In any event, the Court does not find it necessary to adjudicate this proposition at this time.

"IV.

"For the reasons hereinabove stated, a decree sustaining the validity of the Act in question will be entered.

"THOS. A. SHRIVER, Chancellor

"February 27th, 1952."

It results that we find no error in the decree of the Chancellor and it is affirmed.