# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## JUNE SESSION, 1997

| | | |
|---|---|---|
| **ALBERT HOLSTON,** | **)** | **C.C.A. NO. 02C01-9609-CR-00298** |
| | **)** | |
| Appellant, | **)** | |
| | **)** | |
| | **)** | **SHELBY COUNTY** |
| **VS.** | **)** | |
| | **)** | **HON. W. FRED AXLEY** |
| **STATE OF TENNESSEE,** | **)** | **JUDGE** |
| | **)** | |
| Appellee. | **)** | (Post-Conviction) |

FILED

July 28, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

## ON APPEAL FROM THE JUDGMENT OF THE
## CRIMINAL COURT OF SHELBY COUNTY

FOR THE APPELLANT:

WAYNE CHASTAIN
66 Monroe, Suite 804
Memphis, TN 38103

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

KENNETH W. RUCKER
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-4351

JOHN W. PIEROTTI
District Attorney General

JOHNNY MCFARLAND
Assistant District Attorney General
Criminal Justice Complex, Suite 301
201 Poplar Street
Memphis, TN 38103

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Petitioner, Albert Holston, appeals as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure from the trial court's denial of his petition for post-conviction relief. He filed a petition for post-conviction relief on July 12, 1996. On July 30, 1996, the trial court dismissed the petition without conducting an evidentiary hearing, finding that it was barred by the statute of limitations.[1] We affirm the judgment of the trial court.

On April 30, 1992, the Petitioner was convicted by a Shelby County jury of aggravated rape and was sentenced to eighteen years imprisonment. A panel of this Court affirmed his conviction on September 15, 1993. See State v. Albert B. Holston, C.C.A. No. 02C01-9210-CR-00247, Shelby County (Tenn. Crim. App., Jackson, Sept. 15, 1993). It appears from the record that the Petitioner did not seek permission to appeal to our supreme court.

On July 12, 1996, the Petitioner filed a petition for post-conviction relief which is the subject of the case sub judice. In the petition, he argued that his trial counsel rendered ineffective assistance both prior to trial and at trial. He also argued that the trial court's intimidating demeanor contributed to his counsel's deficient representation, thereby violating his due process rights. The trial court found that the petition was barred by the statute of limitations and dismissed it without conducting an evidentiary hearing. It is from the trial court's order of

---

[1] See Tenn. Code Ann. §§ 40-30-202 and -206(b) (Supp. 1996).

dismissal that the Petitioner appeals, raising the following four issues for our consideration:

> 1) That the trial court erred in finding that his petition for post-conviction relief was barred by the statute of limitations;
> 2) that the one-year statute of limitations violates due process;
> 3) that the one-year statute of limitations violates the Tennessee Constitution's prohibition against the retrospective impairment of contractual obligations; and,
> 4) that the new Post-Conviction Procedure Act's provision eliminating tolling of the statute of limitations is in contravention of Tennessee case law and violates due process.

The Petitioner first contends that the trial court erred in finding that his petition for post-conviction relief was barred by the statute of limitations. At the time the Petitioner's convictions became final, the statute of limitations applicable to post-conviction proceedings was three years. Tenn. Code Ann. § 40-30-102 (repealed 1995). The three-year statute of limitations was subsequently shortened to one year by the new Post-Conviction Procedure Act, which took effect on May 10, 1995. See Tenn. Code Ann. § 40-30-201 et seq. (Supp. 1996). At the time the new Act took effect, the previous three-year statute of limitations had not expired for the Petitioner.

Of course, the new Post-Conviction Procedure Act governs this petition and all petitions filed after May 10, 1995. See Tenn. Code Ann. § 40-30-201 et seq. (Supp. 1996). This Act provides, in pertinent part, that "notwithstanding any other provision of this part to the contrary, any person having ground for relief recognized under this part shall have at least one (1) year from May 10, 1995, to file a petition or a motion to reopen a petition under this part." Compiler's Notes to Tenn. Code Ann. § 40-30-201 (Supp. 1996) (referring to Acts 1995, ch. 207, § 3). Because the previous three-year statute of limitations had not expired for

the Petitioner at the time the new Act took effect, his right to petition for post-conviction relief survived under the new Act. See Betsy Jane Pendergrast v. State, C.C.A. No. 01C01-9607-CC-00289, Rutherford County (Tenn. Crim. App., Nashville, May 16, 1997); cf. Doyle Carter v. State, C.C.A. No. 01C01-9511-CC-00398, Davidson County (Tenn. Crim. App., Nashville, Feb. 12, 1997); Eric C. Pendleton v. State, C.C.A. No. 01C01-9604-CR-00158, Davidson County (Tenn. Crim. App., Nashville, Feb. 12, 1997); Wallace Butler v. Ricky Bell, Warden, C.C.A. No. 02C01-9510-CC-00297, Fayette County (Tenn. Crim. App., Jackson, Nov. 19, 1996); Johnny L. Butler v. State, C.C.A. No. 02C01-9509-CR-00289, Shelby County (Tenn. Crim. App., Jackson, Dec. 2, 1996).

As a result, the Petitioner had one year from the effective date of the new Act, May 10, 1995, to file for post-conviction relief. See Compiler's Notes to Tenn. Code Ann. § 40-30-201 (Supp. 1996) (referring to Acts 1995, ch. 207, § 3); Tenn. Code Ann. § 40-30-202(a) (Supp. 1996). He filed his petition for post-conviction relief on July 12, 1996, a few weeks after the expiration of the one-year period. The Petitioner has not alleged that his claims fit within one of the enumerated exceptions to the one-year statute of limitations. See Tenn. Code Ann. § 40-30-202(b),(c) (Supp. 1996). Accordingly, we conclude that the trial court correctly found that the petition was barred by the statute of limitations.[2]

As his second issue, the Petitioner argues in the alternative that if the trial court correctly dismissed the petition as having been time-barred, the new Act's

---

[2] The Petitioner also argues that the trial court erred in failing to enter a preliminary order and to direct the district attorney general to respond to the petition. See Tenn. Code Ann. §§ 40-30-207, -208. Because the petition clearly shows that it was filed after the expiration of the one-year statute of limitations, we believe that the trial court properly dismissed the petition upon preliminary consideration. See Tenn. Code Ann. § 40-30-206(b).

one-year statute of limitations violates due process guarantees.  See U.S. Const. amend. XIV, § 1; Tenn. Const. art. I, § 8.  The State, on the other hand, argues that it was within the legislature's power to enact the one-year statute of limitations and that the statute does not violate due process because it provides a reasonable period of time in which post-conviction claims can be asserted.

It is well-established that the identification of the precise dictates of due process requires consideration of both the governmental interests involved and the private interests affected by the official action.  Burford v. State, 845 S.W.2d 204, 207 (Tenn. 1992) (citing Fusari v. Steinberg, 419 U.S. 379, 389, 95 S.Ct. 533, 539, 42 L.Ed.2d 521, 529 (1975)).  With regard to post-conviction proceedings, the private interest at stake is a prisoner's opportunity to attack his or her conviction and incarceration on the grounds that he or she was deprived of a constitutional right during the conviction process.  Id.  The governmental interest represented by the statute of limitations is the prevention of the litigation of stale and groundless claims, with the accompanying cost.  Id.

Furthermore, although freedom from bodily restraint and punishment by the State without due process of law is a fundamental right, it is clear that states have no constitutional duty to provide post-conviction relief procedures.  Id. (citations omitted).  Thus, as our supreme court held in Burford, the opportunity to collaterally assert constitutional violations which occurred during the conviction process is not a fundamental right entitled to heightened due process protection. Id.

It is also clear that the State has a legitimate interest in preventing the litigation of stale or fraudulent claims. Id. at 208 (citing Jimenez v. Weinberger, 417 U.S. 628, 636, 94 S.Ct. 2496, 2501, 41 L.Ed.2d 363, 370 (1974)). The State may therefore erect reasonable procedural requirements for triggering the right to an adjudication, such as statutes of limitations, and may terminate a claim for failure to comply with a reasonable procedural rule without violating due process rights. Id. (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 437, 102 S.Ct. 1148, 1158, 71 L.Ed.2d 265, 279 (1982)). Before a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, however, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner. Id.

As was the case in Burford, when our supreme court considered the constitutionality of the three-year statute of limitations, the question before us is "whether the State's policy reflected in the statute affords a fair and reasonable opportunity for ... bringing ... suit." Id. (quoting Pickett v. Brown, 638 S.W.2d 369, 376 (Tenn. 1982), rev'd on equal protection grounds, 462 U.S. 1, 103 S.Ct. 2199, 76 L.Ed.2d 372 (1983)). The test is whether the time period provides a petitioner a reasonable opportunity to have the claimed issue heard and determined. Id. (citing Michel v. Louisiana, 350 U.S. 91, 93, 76 S.Ct. 158, 160, 100 L.Ed.2d 83, 89 (1955)). Having considered the private and governmental interests at stake, we conclude that the one-year statute of limitations contained in Tennessee Code Annotated section 40-30-202 provides a reasonable opportunity for the presentation of post-conviction claims. Cf. Burford, 845 S.W.2d at 208. Accordingly, we believe that the one-year statute of limitations on petitions for

post-conviction relief does not violate the due process guarantees of the United States and Tennessee Constitutions.

Moreover, we do not believe that the application of the one-year statute of limitations in the present case violated this Petitioner's due process rights. As we stated above, the Petitioner's conviction became final on September 15, 1993. At that time, the previous three-year statute of limitations applied to the Petitioner, meaning that he would ordinarily have had until September 15, 1996 to file for post-conviction relief. The new Post-Conviction Procedure Act took effect on May 10, 1995, and governed all petitions filed after that date, including the Petitioner's, which was filed on July 12, 1996. The new Act had the effect of shortening the statutory period applicable to the Petitioner from September of 1996 to May of 1996. The Petitioner's claims regarding his trial counsel's representation and the trial court's demeanor were readily apparent as of the conclusion of his trial and direct appeal. We can only conclude that the application of the one-year statute of limitations did not violate the Petitioner's due process rights. The Petitioner's second issue therefore lacks merit.

As his third issue, the Petitioner contends that the one-year statute of limitations impairs contractual obligations in violation Article I, section 20 of the Tennessee Constitution. That constitutional provision provides that "no retrospective law, or law impairing the obligations of contracts, shall be made." Tenn. Const. art. I, § 20. The provision has been interpreted to mean that "no retrospective law which impairs the obligation of contracts, or any other law which impairs their obligation, shall be made." Hamilton County v. Gerlach, 176 Tenn. 288, 140 S.W.2d 1084, 1085 (1940) (citations omitted). The Petitioner claims

that the passage of a law constitutes "a contract between the Legislature and its constituency." He asserts that the passage of the previous three-year statute of limitations on petitions for post-conviction relief[3] conferred on prisoners the right to challenge their convictions within a three-year period. The Petitioner argues that the subsequent passage of the new Post-Conviction Procedure Act with its one-year statute of limitations, thereby curtailing the previous three-year period, was tantamount to an impairment of a contract.

In our view, the Petitioner is once again arguing that the one-year statute of limitations does not provide sufficient time in which to file for post-conviction relief. As we explained during our discussion of the second issue on appeal, we believe that the one-year statute of limitations does provide a reasonable time period for the filing of post-conviction petitions. Furthermore, although the new Act shortens the previous statute of limitations, it does provide those prisoners who were still within the prior three-year statutory period, such as the Petitioner in the case at bar, a reasonable opportunity to file for post-conviction relief after the effective date of the new one-year statutory period. See Compiler's Notes to Tenn. Code Ann. § 40-30-201 (Supp. 1996) (referring to Acts 1995, ch. 207, § 3); cf. Pacific Eastern Corp. v. Gulf Lite Holding Co., 902 S.W.2d 946, 956 (Tenn. App. 1995) (citations omitted). Accordingly, this issue lacks merit.

The Petitioner's fourth and final contention on appeal is another challenge to the constitutionality of the new Post-Conviction Procedure Act. The Petitioner focuses on language in the new Act which provides that the one-year "statute of limitations shall not be tolled for any reason, including any tolling or saving

---

[3] See Tenn. Code Ann. § 40-30-102 (repealed 1995).

provision otherwise available at law or equity." Tenn. Code Ann. § 40-30-202(a) (Supp. 1996). He argues that the elimination of tolling in the new Act is in direct contravention of a decision rendered by our supreme court, Watkins v. State, 903 S.W.2d 302 (Tenn. 1995), and is therefore violative of due process.

In Watkins, our supreme court held that the tolling provision codified at Tennessee Code Annotated section 28-1-106 was applicable to post-conviction proceedings governed by the previous Post-Conviction Procedure Act. See Watkins, 903 S.W.2d at 305; Tenn. Code Ann. § 40-30-101 et seq. (repealed 1995). That tolling provision reads as follows:

> **Persons under disability on accrual of right.** -- If the person entitled to commence an action is, at the time the cause of action accrued, either within the age of eighteen (18) years, or of unsound mind, such person, or his representatives and privies, as the case may be, may commence the action, after the removal of such disability, within the time of limitation for the particular cause of action, unless it exceed three (3) years, and in that case within three (3) years from the removal of such disability.

Tenn. Code Ann. § 28-1-106 (1980). Watkins involved a petitioner who was mentally incompetent for a period of time during the running of the previous three-year statute of limitations on post-conviction petitions. Watkins, 903 S.W.2d at 303. A panel of this Court has applied the Watkins reasoning to a case involving a petitioner who filed for post-conviction relief more than three years after his conviction had become final but within three years of his turning eighteen years of age, holding that the previous three-year statute of limitations was tolled while the petitioner was a minor. State v. David Wayne Britt, C.C.A. No. 02C01-9410-CC-00234, Hardeman County (Tenn. Crim. App., Jackson, July 26, 1995).

For purposes of the case sub judice, even if we were to conclude that the language of Tennessee Code Annotated section 40-30-202(a) eliminated the tolling provision codified at Tennessee Code Annotated section 28-1-106 and that the elimination of the tolling provision violated due process guarantees, we do not believe that the Petitioner would be entitled to seek post-conviction relief. The Petitioner does not allege that he was a minor or mentally incompetent during the running of the one-year statute of limitations applicable to his case. Furthermore, the new Post-Conviction Procedure Act does contain a severability clause. 1995 Tenn. Pub. Acts ch. 207, § 2. As a result, if we concluded that the elimination of the tolling provision was unconstitutional, the otherwise constitutional one-year statute of limitations could apparently be given effect without that language and would, therefore, continue to apply to the Petitioner. Because the Petitioner has not alleged that he was a minor or mentally incompetent during the running of the statute of limitations, the tolling provision codified at Tennessee Code Annotated section 28-1-106 has no application in the present case and would not alter the statutory period for the Petitioner. Accordingly, we can only conclude that the fourth contention is without merit.

For the reasons set forth in the discussion above, we conclude that the trial court did not err in dismissing the petition for post-conviction relief. We also conclude that the Petitioner's challenges to the constitutionality of the one-year statute of limitations on petitions for post-conviction relief lack merit. The judgment of the trial court is therefore affirmed.

_____
DAVID H. WELLES, JUDGE


CONCUR:


_____
PAUL G. SUMMERS, JUDGE


_____
JOE G. RILEY, JUDGE