STATE OF TENNESSEE *ex rel.* J. L. BISE, *v.* KNOX COUNTY
et al.*

(*Knoxville.*  September Term, 1926.)

Opinion filed November 30, 1926.

1. CONSTITUTIONAL LAW. Private Acts, 1925, ch. 143. Pension
public school teacher.

The legislation is valid, though special, and unsupported by any
sound reason for its application to Knox county alone.  The pro-
visions for pensioning teacher, after years of faithful service, as
such are incidental to the employment by the county court as a
governing agency of its employees, and is justified for practical
and humanitarian considerations.  (Post, p. 485.)

Citing: State ex rel. v. City of Memphis, 147 Tenn., 658.

2. CONSTITUTIONAL LAW. Public agencies.  Special laws.

The Legislature has full power to pass special laws affecting partic-
ular counties as governmental or political agencies, and such
legislation if of that character may designate such agency by
name.  (Post, p. 485.)

Citing: Wilson v. Wilson, 134 Tenn., 697; Redistricting Cases, 111
Tenn., 234; Prescott v. Duncan, 126 Tenn., 106; State v. Colum-
bia, etc., Turnpike Co., 133 Tenn., 450.

Citing and distinguishing: State ex rel. v. Trotter, Judge, 281 S.
W., 925.

3. PUBLIC SCHOOL SYSTEM A GOVERNMENTAL AGENCY.
Teachers.  Compensation.

The operation of the public school system is governmental function,
in the discharge of which the county employs teachers. Their com-
pensation may be fixed directly by the legislature. (Post, p. 486.)

Dissenting: Swiggart and Cook, JJ.  (Post, p. 487.)

---

*Headnotes 1.   Statutes, 36 Cyc., p. 1001; 2. Statutes, 36 Cyc., p.
1010.

---

FROM KNOX.

---

Appeal from the Chancery Court of Knox County.—
Hon. Chas. Hays Brown, Chancellor.

Green & Webb, for appellant.

J. G. Johnson, for appellee.

Mr. Justice Chambliss delivered the opinion of the Court.

This was a bill filed to enforce by mandamus payment of a pension to the relator, who had been a teacher in the public schools of Knox county for more than thirty years, and who is now over seventy years of age, pursuant to the provisions of chapter 143 of the private Acts of 1925, applicable to Knox county only, designated by population. The Chancellor sustained the act and this appeal is from his decree. The constitutionality of the Act is challenged as in violation of article II, section 8 of the State Constitution and of Article 14, section 1 of the Constitution of the United States. While the validity of this pension act is questioned because it applies to school teachers only, and as an unwarranted exercise of the police power, we understand it to be practically conceded that the determinative question is whether or not, being special, it deals with Knox county in its govern mental or political capacity. Among other authorities relied on is a recent decision of this court holding unconstitutional the Knox county free textbook law, in the case of *State ex rel.* v. *Trotter, Judge, et al.,* 281 S. W., 925. It is true that in this case, as in that, the constitutionality of the Act is not saved by use of the popula-

tion basis, for the reasons stated in the opinoin in that case. The legislation is plainly special, and is unsupported by any sound reason for its application to Knox county alone. However, it is insisted for the relator that the present Act, though special, deals with the county of Knox in its governmental capacity, which was found not to be true in *State ex rel.* v. *Trotter,* supra.

There is no doubt that the Legislature has full power to pass special laws affecting particular counties as governmental or political agencies, and when the legislation is of that character the aptness of the use of the population basis becomes immaterial, as the county affected may as lawfully be designated by name. *Wilson* v. *Wilson,* 134 Tenn., 697; *Redistricting cases,* 111 Tenn., 234; *Prescott* v. *Duncan,* 126 Tenn., 106; *State* v. *Columbia, etc., Turnpike Co.,* 133 Tenn., 450. The question arising in each case narrows to whether the law under review affects the county in the exercise of its governmental or political functions—or affects primarily the individual citizens of the county in their private relations. In *State ex rel.* v. *Trotter,* supra, it was said: "It may be conceded that legislation making provision for books for use in the free schools of the State calls, in a limited sense, for the exercise of governmental functions, but *it affects primarily private rights.* The benefits conferred and the burdens imposed *affect the individual citizens in their private relations,* rather than the county in its corporate capacity—that is, in the form, machinery and instrumentalities of governmental operation and control." In that case the benefits sought to be conferred would have inured to the individual citizens patronizing the

public schools in relieving them of expenditures for books.

However, upon a careful analysis of the Act now before us, it is apparent that the legislation deals primarily with the county as a governmental agency, conferring benefits upon private citizens, not as such, but as county government employees only. The operation of the public school system is undoubtedly a governmental function, in the discharge of which the county employs teachers. The compensation of these teaching agents, employed by the county in the discharge of this governmental function, is fixed by the county. It may be fixed directly by the Legislature, as is true of other officers and agents of the county. When directly so fixed the constitutionality of such legislation, although special in its application to a particular county, is hardly subject to question.

The act now under consideration relates to the measure of compensation to be paid to this class of employees, providing for an extension thereof beyond the period of active service, on the conditions named—that after having served actively for thirty years and having reached the age of seventy, the compensation shall be continued on a two-thirds basis. The provisions of the Act are therefore incidental to the employment by the county as a governing agency of its employees, and is justified by an increase in general efficiency through the more undivided and faithful service naturally resulting from this definite assurance of protection against old age and its "rainy day," and also by a proper spirit of higher justice to those who serve throughout their years of physical and mental capacity. The *bonus* thus held out is

therefore warranted by both practical and humanitarian considerations. The Legislature might well have conceived that this addition to the small compensation paid to these servants during their years of activity would not only have been well earned, but that its assurance would induce better talent, closer and more concentrated attention to the duties prescribed and generally more efficient public service. See *State ex rel.* v. *City of Memphis*, 147 Tenn., 658, and authorities therein cited.

The decree of the Chancellor is affirmed.

### DISSENTING OPINION.

The statute under consideration, chapter 143 of the Private Acts of 1925, provides, by mandatory language, that the county board of education of each county within the application of the statute shall pay out of the county school fund an annual pension to any teacher who has taught in the public schools of such county for thirty or more school years, and who is seventy years of age or over, the pension to be equal to two-thirds of the salary received by such teacher in his last year of service.

The act is retroactive in its application, including within its benefits teachers who have acquired the designated qualifications for a pension prior to its enactment.

By reference to population, the statute applies to Knox county alone. It is a direct appropriation of Knox county revenue for the benefit of public school teachers within the described class.

It is conceded in the opinion of the majority of the court that "the legislation is plainly special, and is unsupported by any sound reason for its application to Knox county alone."

This concession in the majority opinion is necessary, and, in my opinion, forces a conclusion that the statute violates the provisions of article 11, section 8, of the Constitution of Tennessee, inhibiting special legislation.

The statute is upheld by the majority opinion on the theory that its application is to Knox county, in the exercise of its governmental and political functions, as an arm or agency of the State government, "conferring benefits upon private citizens, not as such, but as county government employees only."

It is with this conclusion of the majority that I find myself unable to agree; and because of the rapid increase in the number of special or local statutes, and the tendency to widen the scope of such legislation, to the detriment of the general public welfare and the destruction of state unity, I feel it my duty to express my dissent in this cause.

In every appropriation or payment of public money to an individual there must be an underlying public purpose or benefit, but the appropriation or payment may nevertheless be primarily for the benefit of the individual. The appropriation of public money to a former employee of a governmental agency, as a pension or gratuity, is primarily for the benefit of such individual; and the act under consideration confers a direct and pecuniary benefit upon a certain class of school teachers now or formerly employed in the public schools in Knox county.

By general statutes the general assembly has required school teachers in every county of the State to qualify themselves to the same degree before they may be employed in the public schools. For many years the Legislature has been engaged in an effort to create a state

school system so as to have a coordinated and uniform system of public schools throughout the State. This legislative purpose was to a great extent accomplished by the General Assembly of 1925 in the enactment of the so-called general educational law.

By the statute under consideration the Legislature has conferred upon the school teachers of a single county, engaged in this general and common purpose and enterprise, a pecuniary benefit as an incident to their employment, which is not granted to or conferred upon the teachers in any other county of the State.

By the same act the Legislature has imposed upon Knox county a burden which has not been imposed upon any other county of the State.

It has not heretofore been held by this court that when a pecuniary benefit is conferred upon a citizen of one county which is not conferred upon citizens of other counties in like condition and circumstances, the fact that such benefit is an incident to the holding of a public office, and is conferred upon the citizen as an officer, operates to remove the act conferring the benefit from the inhibition against special legislation contained in article 11, section 8, of the Constitution.

In the very learned and able review of the authorities dealing with this provision of the Constitution, prepared by the late Chief Justice NEIL in the *Redistricting Cases*, 111 Tenn., 234, 283, it is said:

"From this examination it is apparent that *State* v. *Burnett*, 6 Hesk., 188, 189; *Sutton* v. *State*, 96 Tenn., 696, 36 S. W., 697, 35 L. R. A., 589; *Woodard* v. *Brien*, 14 Lea, 520, and *Burkholtz* v. *State*, 16 Lea, 71, may all be ranged under the principle that no benefit shall be conferred or

no burden imposed upon the citizens of any given county, which by the same act is not conferred upon or imposed upon all of the citizens of all of the other counties in the State who may be able to bring themselves, or may be brought, within the terms of the act conferring the benefit or imposing the burden, and that *Mayor* v. *Dearmon,* 2 Sneed, 119, and *Weaver* v. *Davidson County,* 104 Tenn., 315, 328, et seq., 59 S. W., 1105, fall under the same principle; substituting the 'same class of officers' for the word 'citizens' in the preceding statement.''

The holding of *Weaver* v. *Davidson County,* 104 Tenn., 315, referred to in the preceding quotation, has been followed by this court in later cases dealing with legislative acts regulating the fees and compensation of county officers.

In *State ex rel.* v. *Stewart,* 147 Tenn., 375, the court held unconstitutional chapter 77 of the Private Acts of 1917, depriving county officers of Shelby county of the fees of their respective offices, substituting a salary therefor, because similar officers in other counties were permitted to retain the fees of office as their compensation.

And in *Peters* v. *O'Brien,* 152 Tenn., 466, the court held unconstitutional a private act of 1923 reducing the salary of the trustee of Carter county from that fixed in the general anti-fee statute, chapter 101 of the Public Acts of 1921, the court holding that ''the act primarily affects the trustee as an individual, not Carter county in its governmental capacity.''

Under the general law, applying alike to every county in the State, each citizen possessing the necessary qualifications, which are also uniform throughout the State, is entitled to apply for and accept employment to teach

in the public schools.  Under the general law, the compensation the citizen is to receive for his services is fixed by written contract entered into between the citizen and the representatives of the county schools.  In Knox county, by legislative mandate, the citizen receives as an incident to this contract of employment a special benefit or gratuity from the county treasury which is denied to citizens making similar contracts with the public school representatives in other counties.  This is clearly a discrimination in favor of the citizens of Knox county who teach in the public schools maintained in that county, and against the citizens who teach in the public schools of the other counties in the State.

I am also of the opinion that the act violates article 11, section 8, of the Constitution in that it imposes a burden upon Knox county which operates as an unreasonable discrimination against that county.

The teachers in the public schools of the State are paid out of a fund created in a large part by appropriation of state revenue.  The general assembly has been careful to equalize this appropriation among the several counties of the State, with a portion devoted to the assistance of schools in those counties which are not able to maintain schools up to the general standard.  The act in question requires Knox county to devote an additional part of its county revenue for the benefit of the teachers in the public schools of that county, which requirement is not made of other counties.

A county is a corporation, although not as highly organized as those corporations created for the government of towns and cities.  *Weaver* v. *Davidson County*, 104 Tenn., 315, and cases therein cited.  As such corporation,

the county has a proprietary interest in its revenue. This revenue may be appropriated by the general assembly but the proprietary interest of the county therein intervenes to prevent an appropriation for any other purpose than a county purpose. *State ex rel.* v. *Cummings,* 130 Tenn., 566. Under the general laws the State has devised a system for the joint maintenance of the public schools, with the cost divided between the State and the several counties. So long as this system is maintained, at least, a single county discriminated against is entitled to invoke the constitutional provision against special legislation for its relief.

In *State ex rel.* v. *Stewart,* 14 Tenn., 375, the statute under consideration substituted salaries for the fees of office as the compensation of county officers, and provided that the excess fees should be paid into the county treasury. This court applied article 11, section 8, of the Constitution to the county, in its corporate and proprietary capacity, by holding that the act was unconstitutional because it suspended the general law for the benefit of Shelby county. The court said:

"We are further of the opinion that the act is unconstitutional because it suspends a general law for the benefit of Shelby county.

"Under the general law of this State, the fees collected by all county officials belong to them and no portion thereof belong to the respective counties. Under the act in question the Legislature 'undertook to suspend this general law so as to give to Shelby county a portion of such fees, but did not extend the right to any of the other counties of the State. No good reason has been

suggested to us which would justify such a discrimination.''

If the constitutional provision operates to prevent the Legislature from enacting a law conferring a special benefit upon a single county, which is not granted to other counties in like situation and condition, it should also operate to prevent the Legislature from enacting a law casting upon a single county a pecuniary burden which is not cast upon other counties of the State in like circumstances and conditions.

I am authorized to say that Justice Cook concurs in this opinion.