UNION COUNTY *v.* SARAH TOLIVER, *et al.*

(*Knoxville.* September Term, 1929.)

Opinion filed November 16, 1929.

700

C. L. WAGGONER, for complainant, appellant.

BOWEN & BOWEN, for defendant, appellee.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

Acting under the authority of Private Acts of 1921, chapter 768, as amended by Private Acts of 1925, chapter 558, the Road Commissioners of Union County, in June, 1927, instituted condemnation proceedings against Toliver *et al.*, in the name of the county, and secured a judgment of condemnation of Toliver's land for road purposes. In that proceeding the circuit court rendered a judgment against Union County for $114.40 in favor of the Tolivers, as the value of the land taken.

The present action was brought by the county to enjoin execution of the judgment of the circuit court, on the ground that the Private Acts conferring the right to institute condemnation proceedings upon the County Road Commissioners are unconstitutional and void; and also that, if valid, the Acts do not vest the road commissioners with power to use the name of or bind the county in such an action, without the authority of the quarterly county court first had and obtained.

The chancellor dismissed the suit of the county, upon demurrer, and the county has appealed.

We find the objections to the constitutionality of the two private Acts without merit.

Chapter 768, Private Acts of 1921, is not an amendatory act, within the meaning of the Constitution, Article 2, section 17. It provides, in section 17, that the road commissioners should have the power of condemnation for rights of way and for road materials "as now provided for by law for railroad companies." This reference to the law regulating the exercise of the power of eminent domain by railroad companies does not amend nor change the law referred to. The effect of the reference is stated in *Parmer* v. *Lindsey*, 157 Tenn., 29, 34-35, in the quotation there made from Sutherland on Statutory Construction.

The Act of 1921 is made to apply to Union County by population classification. The amendatory act of 1925 is limited to Union County by name. This limitation does not render the amendatory act void as arbitrary class legislation. The legislation affects the county only in its governmental functions, and it is now well settled that such legislation may be applied to particular

counties by name. *Stokes* v. *Dobbins,* 158 Tenn., 350, and cases cited under first headnote.

The road commissioners are mere agents of the county. *Prescott* v. *Duncan,* 126 Tenn., 106. While the statutes confer the right of eminent domain upon them *eo nomine,* land condemned by them is taken for the county, and the county is required to pay its value to the owner from whom it is taken. It seems to us, therefore, that the commissioners were fully authorized to institute the condemnation suit against the Tolivers in the name of Union County, for which they were acting as officers or agents. The county is expressly required by the Act of 1925 to pay the amount awarded the landowner as the value of the land condemned, and this would be true whether the condemnation suit was brought in the name of the county or in the name of the road commissioners. The county has no substantial cause for complaint that its name was used as petitioner in the suit prosecuted by its commissioners.

The chancellor's decree sustaining the demurrer is affirmed.