ANDERSON *v.* CARTER COUNTY *et al.*

(*Knoxville,* September Term, 1937.)

Opinion filed Nov. 27, 1937.

J. MALCOLM SHULL and HALLIE K. RINER, both of Elizabethton, for appellant Frank Anderson.

WALTER LEE PRICE and SAM W. PRICE, both of John-

son City, and RAYMOND C. CAMPBELL, of Elizabethton, for appellees Carter County and others.

MR. JUSTICE COOK delivered the opinion of the Court.

The bill was filed under the Declaratory Judgments Law (Code 1932, section 8835 et seq.) to determine the constitutionality of a special act of 1937, applicable to Carter County, and referred to in the record as House Bill No. 1117.

The object of the special act was to provide a method in the trustee's accounting and disbursement of school revenues for the benefit of teachers. Section 1 provides that, in addition to other reports and accountings, the trustee shall make monthly reports to the chairman of the board of education showing the proportional amount of all tax collections due teachers on salaries, based on the ratio of the total collections as the item allotted to teachers' salaries in the current school budget stands in relation to the total school budget. Section 2 requires that all pro rata collections for salaries of teachers shown by the monthly report shall be held and paid from the sum reported at the end of each calendar month upon warrants issued by the school board under section 3, which provides:

"That upon receipt of the trustee's report showing prorated collection due to teachers' salaries, the chairman and secretary of the board shall divide the total for salaries by the number of teachers due and unpaid and issue warrants to each teacher in proportion to the amounts due and unpaid."

By section 4, the trustee is required to list warrants paid during the month, showing the number of each,

name of payee, date issued, date paid, and to whom. The violation of any provision of the act by the county trustee is declared a misdemeanor, punishable by fine of from $50 to $200, and by the forfeiture of his office.

It was stated in argument that the act was designed to prevent discrimination in the use of county revenue for the payment of teachers' salaries. Code, section 775, subsecs. 4 and 5, are sufficient to correct that grievance. Subsection 4 provides for the registration of warrants as presented, and subsection 5 requires the county trustee to pay warrants in the order presented and registered. Section 777 declares it a misdemeanor for the trustee to refuse to pay any legal demand when requested by a party entitled to receive the money. These provisions extend to school revenues and are re-enforced by Code, section 2348. That section requires the trustee (1) to keep school funds separate from all other funds, and not pay elementary school funds for high school purposes, or high school funds for elementary school purposes, or either fund for any other purpose than that for which it was levied and collected. (2) To make quarterly settlements of receipts and disbursements of school revenue with the county court. (3) To make annual reports of receipts and disbursements to the commissioner of education. (4) To distribute school funds between counties and cities quarterly on the basis of average daily attendance after each quarterly settlement.

The special act before us requires duplication of some of the provisions of the general law. It adds confusing details to the general system of accounting and imposes special burdens upon the county trustee and the county superintendent for the supposed benefit of local teachers.

It favors teachers of Carter County, if this *pro rata* plan is in fact a favor, to the exclusion of all other counties of the state; and the special act superimposes the burden of duplicate accounting referred to upon the county trustee, superfluous burdens added to the requirements of the general law.

A comparison of the general law with this special act indicates that it would be difficult to bring the provisions of the general law into co-ordination with the special statute. The issuance of monthly warrants under the special act, for the *pro rata* of school revenue collected by the trustee, would leave monthly balances. The superintendent and the trustee would have to set up duplicate accounts. Two monthly warrants for teachers' salaries would have to be issued, one for the *pro rata* of school funds collected and the other for the difference of the *pro rata* and the teachers' salaries. The trustee, after keeping account of the warrants issued in payment of the *pro rata* to teachers, would have to register the deferred payment warrants when presented and pay them in their numerical order, as required by Code, section 775.

It is urged that the act is a valid regulation of governmental affairs in Carter County. It is that and more. It regulates the payment of teachers' salaries, a regulation already made by general law, and imposes special burdens upon the county trustee and county superintendent not imposed by law upon such officials elsewhere in the state. The act also subjects the county trustee of Carter County to forfeiture of office for failing to observe the regulations. No other trustee is subjected to such penalty. The act also projects confusion into the

system of public accounting and disbursement required by general statutes.

It has been so often declared that such partial laws are prohibited by the constitutional requirement of uniformity reiteration seems unnecessary. The chancellor held the act void because partial and discriminatory.

Affirmed.