HAMILTON COUNTY *et al. v.* BRYANT.

(*Knoxville*, September Term, 1939.)

Opinion filed October 21, 1939.

124

T. Pope Shepherd and Thos. S. Myers, both of Chattanooga, for plaintiffs in error.

John H. Early, of Chattanooga, for defendant in error.

Mr. Justice McKinney delivered the opinion of the Court.

Petitioner, Sam W. Bryant, instituted this proceeding against Hamilton County and the Hamilton County

Board of Education to recover a pension pursuant to Chapter 689, Private Acts of 1937.

Petitioner, who at the present time is more than seventy years of age, drove a school bus for plaintiffs in error from 1913 to June, 1938, when he became totally and permanently disabled to further engage in this occupation. The trial court held that petitioner was entitled to the relief sought, and from his judgment plaintiffs in error have appealed to this court.

Said Act provides that the Board of Education of Hamilton County and the Quarterly County Court thereof shall create a fund to be known as the Department of Education's Insurance and Pension Fund, which fund shall be for the benefit of employees of the Department of Education. That the Board of Education shall add to the budget for school purposes not less than 3 per cent of the budget adopted for said Department, and that this sum shall be placed in the Department of Education's Insurance and Pension Fund with the County Trustee for distribution in accordance with said Act. That the Quarterly County Court shall levy a sufficient annual tax upon taxable property to raise revenue for the payment of pensions to employees of said Department of Education. That employees of the Department of Education who elect to participate in said insurance and pension fund shall be assessed not to exceed 1 per cent of his or her salary.

Section 12 of said Act provides as follows:

"That any employee of the Department of Education who has served not less than twenty years shall not be deprived of his or her rights to a pension as provided for in this Act for any reason less than the conviction of a felony in a court of competent jurisdiction.

" 'Employees of the Department of Education' as

used in this Act shall mean the Superintendent of Schools, Assistant Superintendent, Department Heads, Supervisors, Visiting Teachers, Teachers, Principals, Clerks employed in the office of the Department of Education, Attendance Officers, Librarians, Janitors and all others on the Department of Education payroll, or on the county payroll yet whose work is entirely in the Department of Education.''

Section 17 recites ''that this Act shall receive a liberal interpretation, and construction.''

Petitioner notified the Department of Education that he desired to participate in said pension fund, and thereafter 1 per cent of his monthly salary of $104.50 was deducted and added to said fund.

By their assignments of error plaintiffs in error raise two questions: One, that said Act is unconstitutional because it is special and imposes a burden on Hamilton County that the other counties of the State do not have to bear; and, two, that petitioner was an independent contractor and not an employee.

With respect to the first proposition, it is sufficient to state that no principle of law is better settled in this jurisdiction than that special statutes affecting counties in their governmental or political capacity are not invalid under that section of the constitution prohibiting the enactment of special or local laws. Const., art. 11, sec. 8; *Rogers* v. *Butler,* 170 Tenn., 125, 92 S. W. (2d), 414; *Nashville, C. & St. L. Ry.* v. *Marshall County,* 161 Tenn., 236, 30 S. W. (2d), 268; *Union County* v. *Toliver,* 159 Tenn., 699, 22 S. W. (2d), 236; *State ex rel. Bise* v. *Knox County,* 154 Tenn., 483, 290 S. W., 405, 50 A. L. R., 1158; *The Redistricting Cases,* 111 Tenn., 234, 80 S. W., 750.

It is equally well settled that in the mainte-

nance of its schools the county is engaged in a governmental function. *Rogers* v. *Butler, supra,* and *State ex rel. Bise* v. *Knox County, supra.* Counsel concedes that this last-named case is a direct authority against his contention, and asks that we overrule same, which we are unwilling to do since it is sound and in harmony with numerous decisions of this court.

As to the second proposition, we think the petitioner is entitled to a pension even though he was an independent contractor. Such was the interpretation placed on the Act by the parties. The line of demarcation between an employee and an independent contractor is often so difficult to define that in the involved act the Legislature saw fit to provide that not only those who were strictly employees should come within its provisions, but "all others on the Department of Education payroll, or on the county payroll yet whose work is entirely in the Department of Education." This it seems applies to petitioner.

We are further of the opinion, however, that petitioner is an employee. By the express terms of his contract he is absolutely under the direction and control of the Department of Education. With respect to his duties, we quote from the written contract the following:

"1. To drive bus from Bakewell, Soddy then Union Fork to Soddy-Daisy new school, during the regular school days of the entire school term, beginning Sept. 3, 1937.

"2. To place the use of the bus at the disposal of the Department of Education for trips within the county; not to exceed number of days bus is not in use due to group meetings. (It is understood that for field day, or other times when schools are not in session, the busses may be used to carry pupils to place of meeting.)

"3. To furnish, equip and maintain a bus as per specifications furnished by the Board of Education. (35 students being minimum capacity.)

"4. To maintain a regular schedule of arrival at the different points along the route.

"5. To haul no person other than the regularly enrolled pupils, unless by written permission of the Department of Education.

"6. To observe proper order and decorum himself and require the same of his pupils.

"7. To refrain from the use of tobacco himself, and to prohibit its use by the pupils while on the bus.

"8. To refrain from the use of alcoholic liquors, understanding that its use, either on or off the bus by the operator or his substitute, will void this contract.

"9. To use the utmost care in driving at all times and do everything in his power to protect the lives of the children while under his care.

"a. To come to a full stop at least 20 feet from a railway crossing and be fully satisfied that no train approaches within the danger zone, before he proceeds to cross the track.

"b. To come to a full stop before any pupil is permitted to get on or off the bus.

"c. To avoid stopping in the narrow places in the road and then take every precaution to protect children from the danger of passing automobiles.

"d. To prohibit any child from riding on outside of bus or in any other dangerous position.

"e. To make a written report of every accident, whether small or serious, at once to the department of education in care of Mrs. Anna B. Lacey, Chairman.

"10. To leave to the Party of the First Part all changes in bus routes in the interest of the children.

"11. To furnish a bond to the Party of the First Part to the amount of $500.00 setting up guarantees for faithful performance of duty on part of contractor and his substitute.

"12. To contribute his portion of any reduction in the general school budget.

"13. To pay his part of the school bus insurance (not to exceed $10.00).

"14. To make every reasonable concession to patrons along his route to maintain harmony."

In addition to the foregoing the plaintiffs in error employ a "Director of Transportation," who supervises the contractors who transport children and inspects their omnibuses, requiring them to purchase new tires if he thinks those in use are not safe, to have brakes relined when needed, and to replace any broken glass.

■ This Act does not conflict with any general statute, as was the case in *State ex rel.* v. *Hamilton County et al.*, 170 Tenn., 371, 95 S. W. (2d), 618.

We think the trial court was correct in adjudging that petitioner is entitled to recover under this Pension Act and his judgment is affirmed.