HAMILTON COUNTY *v.* GERLACH.

(*Knoxville,* September Term, 1939.)

Opinion filed June 11, 1940.

Thos. S. Myers, of Chattanooga, for plaintiff in error.

John H. Early, of Chattanooga, for defendant in error.

Mr. Justice DeHaven delivered the opinion of the Court.

Matthew Gerlach, defendant in error, filed his petition in the circuit court of Hamilton County to recover retirement compensation, under the terms of Chapter 557, Private Acts 1939, for services rendered as a deputy clerk

in the office of the criminal court of Hamilton County, alleging that he had served continuously as such deputy clerk from September 1, 1918, until September 1, 1938, a period of twenty years, and that within one year before the passage of the above-mentioned act he became wholly disabled for the performance of useful and efficient service in the position which he occupied. Hamilton County, plaintiff in error, filed its answer and admitted that the facts as alleged in the petition were substantially true, but that the conclusions and inferences drawn from such facts were denied. The county alleged in its answer that Chapter 557, Private Acts 1939, was invalid because in contravention of Article 1, sections 8, 20 and 21, and Article 2, sections 8, 24 and 28, and Article 11, section 8 of the Constitution of the State of Tennessee. The county further averred that petitioner was not entitled to any benefits under the act, because a deputy clerk in the office of the criminal clerk of Hamilton County does not come within the scope of this act, and because petitioner had not contributed any money to the retirement fund.

The trial judge held the act in question to be a valid and constitutional law, and found and decreed that petitioner was a deputy clerk in the office of the criminal clerk of Hamilton County for a period of twenty years, ending September 1, 1938; that he was rendered wholly incapable of any efficient service to the county and for that reason none (no employment) was ever offered to him after he was compelled by his physical condition, his right arm being wholly paralyzed, to quit the service of the county; that by reason of his long service of employment and his physical breakdown at the close of his twentieth year, petitioner is entitled to receive from the county as retirement compensation, thirty per cent of his wages, or $60 per month from September 1, 1939, for

and during the period of his life. From this judgment, Hamilton County has appealed to this court and assigned errors.

It is contended that the act in question is unconstitutional because it creates an arbitrary discrimination against Hamilton County not common to the other counties of the State, in violation of Article 1, section 8, and Article 11, section 8, of the Constitution of Tennessee. This contention is without merit. The act affects Hamilton County in its governmental or political capacity, and, there being an absence of any general statutes on the subject of retirement compensation to the employees of the several counties of the State, no discrimination exists, by virtue of the act, for or against Hamilton County. In *Hamilton County* v. *Bryant*, 175 Tenn., 123, 132 S. W. (2d), 639, the court had before it an act requiring the board of education and the quarterly county court of Hamilton County to create a fund to be known as the department of education insurance and pension fund for the benefit of the employees of that department. The objection made to the act was that it imposed burdens on Hamilton County that the other counties of the State did not have to bear. It was held that in the maintenance of its schools the county is engaged in a governmental function and that the act did not conflict with any general statute of the State and, hence, was valid. Another recent case decided by this court in which the principle here under discussion was involved is that of *City of Knoxville et al.* v. *State ex rel. Claudia Brooks Hayward*, 175 Tenn., 159, 133 S. W. (2d), 465. It is self-evident that Hamilton County is engaged in a governmental function in maintaining its departments of county goverment. The act in question does not run counter to any general statute.

Hence, it does not violate the constitutional provisions above referred to.

It is contended that the act in question is unconstitutional in that it violates Article 1, section 20, of the Constitution of Tennessee. This section is as follows: ''That no retrospective law, or law impairing the obligations of contracts, shall be made.'' This section is interpreted to read as follows: ''That no retrospective law which impairs the obligation of contracts, or any other law which impairs their obligation, shall be made.'' *Townsend* v. *Townsend*, 7 Tenn. (1 Peck), 1, 17, 14 Am. Dec., 722; *Wynne's Lessee* v. *Wynne*, 32 Tenn. (2 Swan), 405, 410, 58 Am. Dec., 66. Mr. Shannon in his Annotation to the constitution says, ''A better reading is suggested as follows: 'That no retrospective law, or other law, impairing the obligation of contracts, shall be made!' '' It is argued that the provision of the act, found in section 10 thereof, reading, ''That employees who have served the required time as herein provided, and who have become disabled within the perod of one year before the passage of this Act, may participate in the benefits of this Act,'' it retrospective and falls within the condemnation of Article 1, section 20, of the Constitution. Certainly, the act here involved does not undertake to impair any contract, either expressly or impliedly.

The Legislature included in the class entitled to the benefits of the act those employees who had served the required time and become disabled within one year before the passage of the act. The decision of the Legislature as to what is a sufficient reason to justify a classification will not be reviewed by the courts unless it is palpably arbitrary. *Darnell* v. *Shapard,* 156 Tenn., 544, 553, 3 S. W. (2d), 661. We can see nothing arbitrary in the action of the Legislature in including in the class of

beneficiaries under the act employees who have become disabled within the preceding year. In creating the class, the Legislature could have concluded that it would be unjust to cut out those employees who had become disabled the day prior, or six or eight or twelve months prior, to the effective date of the act. In the instant case, the record shows that petitioner after faithfully working at his task of deputy clerk for twenty years was rendered wholly incapable of any efficient service by reason of his physical condition.

As to the other constitutional objections mentioned in the assignments of error, we find no discussion of them in the brief for appellant. Nowhere is it pointed out in the assignments of error or elsewhere how or in what respect the act offends against such provisions.

██ It is contended that petitioner was not an employee of Hamilton County, but was a deputy clerk in the office of the clerk of the criminal court of Hamilton County, employed by the clerk, and, therefore, not a beneficiary under the act.

Section 2 of the Act, in part, is as follows: "That the provisions of this Act shall apply to all employees of the County falling under the following classifications, to-wit: Persons regularly employed directly by the county or any department of county government and paid salaries and compensation; persons regularly employed by the elected or appointed officials of the County and paid salaries and compensation; persons appointed by the State Courts in the County to positions authorized by law and paid regular salaries and compensation; persons elected or appointed to official positions and paid salaries or compensation directly by the County, or from income derived from the operation of the respective offices; persons elect-

ed or appointed by the County Court to positions authorized by law and paid salaries and compensation."

This section, we hold, embraces a deputy clerk in the office of the clerk of the criminal court of Hamilton County.

Section 10 of the Act, in part, is as follows: "That employees who have served the required time as herein provided, and who have become disabled within the period of one year before the passage of this Act, may participate in the benefits of this Act to the following extent: Those who have twenty (20) years service or more as of September 1st, 1938, and are now disabled for the performance of useful and efficient service in the position occupied, and are not offered other suitable employment by the County, shall be retired and shall be paid compensation on the basis of thirty (30) per cent of the amount of salary and compensation upon which they would be required to make contributions to such fund if still employed and able to perform their duties."

Section 10725 of the Code provides salaries for certain officers in lieu of fees. Among those are clerks of criminal courts. Section 10731 provides for the application for and appointment of deputies and the procedure to be followed in fixing their salaries. It is provided that the clerks of the circuit, criminal and special courts "shall make application to the judge or any one of the judges of their respective courts, . . . by petition duly sworn to, setting forth the facts showing the necessity for a deputy or deputies or assistants, the number required and setting forth the salary that should be paid each." Section 10729 requires that the officer account for the fees received by him and shall file an itemized statement thereof monthly, under oath, with the chairman or judge of the county court and shall make remittance to the

office of county trustee on September 1st, and April 1st, of each year of all of said fees ''in excess of his salary, together with the salaries of his deputies and assistants and the expenses of the office.''

Thus it is perfectly clear that the employment of petitioner was authorized and his salary fixed by the judge of the court, and that his salary was paid out of the fees of the office, which belonged to the county. Thus, petitioner was an employee of the county and not of the clerk.

Our conclusion is that the decree of the trial judge is without error, and is, therefore, affirmed.