KNOX COUNTY *et al. v.* STATE *ex rel.* NIGHBERT.

(*Knoxville*, September Term, 1940.)

Opinion filed December 18, 1940.

Chas. G. Kelly, of Knoxville, for plaintiffs in error.

S. E. Hodges, of Knoxville, for defendant in error.

Mr. Justice DeHaven delivered the opinion of the Court.

This is a *mandamus* suit. The relator, Pauline Bartlett Nighbert, filed her petition in the circuit court of Knox County seeking to compel the Knox County Board of Education and Knox County to restore her to her position as teacher in the public schools of the county, from which position she avers she was illegally discharged because of her marriage and in violation of her rights under Chapter 18, Private Acts 1937, Third Extra Session, known as the "Teachers Tenure Act," and in violation of section 2325(10) of the Code of Tennessee. Defendants

made answer to the petition attacking the constitutionality of said act, upon the grounds that it was violative of section 8 of Article 1 and section 8 of Article 11 of the Constitution of Tennessee, and asserting that section 2325(10) of the Code did not cover all the grounds for which a teacher might be discharged.

The case was tried upon a written stipulation of facts. It appears therefrom, among other things, that relator was employed as a teacher by the County Board of Education for the school years 1936-1937, 1937-1938, 1938-1939, and was again elected, on June 4, 1939, to teach school for the year 1939-1940. That on June 24, 1939, relator was married to James Nighbert, with whom she has continued to live ever since. That shortly after her marriage relator went to certain members of the Board of Education and to the Superintendent of Schools and made inquiry of them if she would be allowed to teach in the public schools of the county and was advised by them that she would not be permitted to teach because of her marriage; that the Board had nothing against her qualifications as a teacher except the fact of her marriage. That the Board furnished her no contract and she signed none for the year 1939-1940; but the Board and Superintendent declined to allow her to teach because she was married. That no charges were ever preferred against her.

It was further stipulated that the regulation of the Board dated April 11, 1928, should be treated as evidence. This regulation was as follows:

"Resolved that the Knox County Board of Education not employ any lady teacher that has married during the school year, or any lady teacher that is to marry during vacation and that if a lady teacher marries after she

signs her contract to teach, she forfeits her contract and is automatically released.''

The trial judge sustained the validity of the Private Act in question, held the relator had been wrongfully discharged by the Board of Education, and ordered her reinstated as a teacher. From this decree, defendants have appealed to this court and assigned errors.

It is complained by certain of the assignments of error that Chapter 18, Private Acts 1937, Third Extra Session, violates section 8, Article 1, of the Constitution of this State because the same undertakes to impose limitations, restrictions, duties, responsibilities and burdens on Knox County and the Knox County Board of Education other and different from those imposed by the general laws of the State. Also, that the act is violative of section 8, Article 11, of the constitution of this State because it undertakes to grant to the teachers referred to therein, privileges and immunities in their private relations, other than those conferred by the general laws of the State.

The act in question on a population basis is applicable alone to Knox County. It is a civil service or permanent tenure act. It is provided by section 1 of the act, ''that no persons occupying the positions of principals, teachers, or supervisors shall be deemed to be under civil service or permanent tenure unless they have been employed by the Board of Education . . . for the third year from the time of their appointment or employment.''

Section 2 of the act provides:

''That neither the Board of Education, nor any member thereof, nor the Superintendent of Schools, nor any other official of the Board or Department of Education . . ., shall have any right to dismiss, discharge, demote or change any employee made subject to

civil service or permanent tenure by the provisions of this Act, . . . unless and until charges as specified herein shall have first been filed and sustained against such employee in the manner hereinafter provided,'' etc.

Provision is made in section 2, however, to cover a situation where there exists a surplus of employees and provides the manner in which the number shall be reduced.

Section 3 of the act, in part, is as follows:

''Sec. 3. Be it further enacted, That employees under civil service or permanent tenure by the provisions of this Act may be suspended, discharged from service, demoted or fined not exceeding an amount equal to one-twelfth of one month's salary, upon conviction of any crime, or for inefficiency, incompetency, neglect of duty, use of narcotics or intoxicating liquors, insubordination, immorality, conduct unbecoming to their profession, failure or refusal to pay his or her taxes, or failure or refusal to pay his or her honest debts.''

By Chapter 115, Public Acts 1925, there was established a system of public education. This act was carried into the Code under sections 2306 et seq. Sections 2317-2326, inclusive, appear under the title ''County Board Of Education And Superintendent.'' Section 2325 provides for ''Further duties of county board of education,'' and paragraph (10) thereof is as follows:

''(10) To dismiss teachers, principals, supervisors, and other employees, upon sufficient proof of improper conduct, inefficient service, or neglect of duty; provided, that no one shall be dismissed without first having been given in writing due notice of the charge or charges and an opportunity for defense.''

The act here in question is in no way in conflict with the Act of 1925, Code sec. 2306 et seq., except

insofar as section 3 thereof contains grounds for the dismissal of teachers, principals, supervisors, or other employees not appearing in section 2325(10) of the 1925 Act. To the extent of such excess grounds, section 3 is unconstitutional under section 8, Article 1, and section 8, Article 11, of the State constitution, because in contravention of a general law of the State. *State ex rel.* v. *Hamilton County*, 170 Tenn., 371, 95 S. W. (2d), 618; *Anderson* v. *Carter County*, 172 Tenn., 114, 110 S. W. (2d), 321; *State ex rel.* v. *Trotter*, 153 Tenn., 30, 281 S. W., 925.

By the Act of 1873, Ch. 25, sub-section 3, school directors were authorized "to employ teachers and to dismiss them for incompetency, improper conduct, or inattention to duties." In the case of *Morley* v. *Power*, 73 Tenn. (5 Lea), 691, 700, the court said: "The right to remove for the causes mentioned in the act is clear, but the very fact that the causes of removal are specified, demonstrates that the discretion is not unlimited." In *Thompson* v. *Gibbs*, 97 Tenn., 489, 494, 37 S. W., 277, 278, 34 L. R. A., 548, speaking of the above provision in the Act of 1873, said: "This right of dismissal, however, is limited to the causes of removal specified in the statute."

Section 2325(10) of the Code (Act 1925) does not specify marriage of a teacher as a ground for removal. Hence, the County Board of Knox County was without legal authority to dismiss relator for that reason. The resolution of the Board, adopted April 11, 1928, providing that a teacher should lose her position on marriage, is void and of no effect whatever, because in contravention of Code 2325(10). In *Knoxville* v. *State ex rel. Hayward*, 175 Tenn., 159, 168, 133 S. W. (2d), 465, 468, the court in dealing with a by-law of the Board

of Education of the City of Knoxville providing, among other things, "that marriage of any woman teacher shall be equivalent to an immediate resignation and shall terminate her contract of employment," held that this was ineffective. The court said: "The Board of Education, nor the City, can set up as against the State a by-law that runs counter to a legislative enactment. The Act here in question specifically sets forth the causes for which a teacher may be dismissed. Marriage is not among the things specified."

 We find no difficulty in holding that the act here in question is not violative of section 8, Article 1, or of section 8, Article 11, of the constitution of Tennessee, excepting the grounds for dismissal of teachers and other employees set forth in section 3 of the act, not specified in Code 2325(10). The balance of the act does not run counter to any general law of the State. Education is a governmental function. Special statutes affecting counties in their governmental or political capacity are not invalid under the sections of the constitution prohibiting the enactment of special or local laws. It was held in *Hamilton County et al.* v. *Bryant*, 175 Tenn., 123, 132 S. W. (2d), 639, that an act authorizing the Board of Education of Hamilton County and the Quarterly County Court thereof to create a fund to be known as the department of education's insurance fund was not unconstitutional because it imposed a burden on Hamilton County that the other counties of the state do not have to bear, since Hamilton County was affected in a "governmental function." To like effect is the recent case of *Hamilton County* v. *Gerlach*, 176 Tenn., 288, 140 S. W. (2d), 1084.

The result is that the judgment of the trial court is affirmed, and the cause remanded for such further proceedings as may be found necessary.