GILLIAM *v.* ADAMS *et al.*

(*Jackson*, April Term, 1943.)

Opinion filed May 8, 1943.

Joe C. Davis, of Lexington, for complainant.

W. H. Denison, of Lexington, for appellees.

Mr. Justice Prewitt delivered the opinion of the Court.

The chancellor sustained a demurrer to complainant's bill and dismissed his suit on the ground that Chapter 451 of the Private Acts of 1939, applying to Henderson County, was unconstitutional and void. Complainant sued for $447 claimed to be due him as salary as a schoolteacher of the county.

The bill sets out and charges in substance as follows:

1. That complainant held a permanent, professional certificate as an elementary teacher in Tennessee; that in the school year of 1938-1939 he was an elementary schoolteacher in Henderson County, and has been such teacher in said county for more than ten years consecutively prior to the school year 1938-1939; that in so far as he ever knew his services as a public schoolteacher in said county were satisfactory; and that there was never preferred against him at any time as such teacher any formal charge of any kind or character requiring his answer thereto.

2. The bill further charges that by Chapter 451 of the Private Acts of 1939 the General Assembly of Tennessee enacted a law regulating the employment of teachers in the public schools of the counties of Tennessee having a population of not less than 17,650, nor more than 17,700, by the 1930 Federal census or any subsequent Federal census, which law provides:

(a) That teachers in counties within the population classification shall be employed on continuing contracts.

(b) That "teacher" is defined in said Act to include teachers of all public schools in the county school systems.

(c) That a beginning teacher shall serve a probationary period of three years on annual contract, and on said teacher being re-employed for the fourth year and the holder of a permanent certificate for the grade or subject taught, the teacher shall be on indefinite tenure and shall not be demoted or dismissed except for incompetency, immorality, or willful and persistent refusal to obey any reasonable rules or regulations of the Board of Education and superintendent.

(d) That teachers who have been employed for three or more years in their present school systems not necessarily continuously and who are otherwise qualified by law shall be deemed to be on indefinite tenure, and that those teachers employed at the time of the passage of the Act who have not served three or more years but are otherwise qualified by law shall be deemed to be on indefinite tenure on reemployment for the fourth year.

(e) That a teacher might be dismissed without cause if the position which the teacher holds is eliminated and there is no vacancy for which the teacher is qualified; that in the event of the elimination of a position, the teacher of shortest length of service in that position shall be dismissed first, but such teacher so eliminated shall have first claim to any vacancy for which he is qualified.

(f) That a teacher charged with incompetency shall before being dismissed be warned with a specific statement in writing of the defects complained of, and then if the teacher fails to make satisfactory improvement in the specified matters, the superintendent may give the

teacher a thirty days' dismissal notice, which notice shall contain the specific grounds of dismissal; that a teacher is likewise required to give thirty days' notice of his intention to relinquish his position or suffer the penalty prescribed by statute.

(g) That the superintendent may suspend a teacher pending the hearing of charges of immorality.

(h) That a teacher upon written request prior to the fifteenth day of the thirty-day period following notice of dismissal shall be given a hearing by the Board of Education, or other employing agency, at which hearing the teacher is entitle to be represented by counsel.

(i) That any dismissed teacher shall have the right to have his dismissal reviewed under Code, Section 9008 et seq.

(j) That if on final disposition of any case the teacher is not dismissed, he shall receive any back pay for any period of suspension.

3. The original bill further charges that after the completion of the school year 1938-1939 complainant sought to teach again in the public elementary schools of Henderson County, but the County Board of Education refused to permit complainant to teach. Complainant charges that he was a "teacher" within the meaning of Chapter 451 of the Private Acts of the General Assembly of Tennessee for the year 1939, and that he was entitled to teach in the public elementary schools of Henderson County for the school year 1939-1940 and also for the school year 1940-1941, but the Board of Education refused to permit him to teach and thereby complainant sustained a definite monetary loss.

4. Complainant further charges in his bill that when the Board of Education refused to permit him to teach

as he was entitled to, he set about to obtain other employment and did obtain other employment, but at less salary than he would have received as a teacher in the public school system of Henderson County; that as a teacher he would have received approximately $83 per month, and that it was not until October, 1940, that complainant began to make a salary equivalent to or greater than he would have made as such teacher; that by reason of the action of the Board of Education in refusing to permit him to teach as it should have done under said law (Chapter 451, Private Acts 1939) and as he wanted to do, which action of the Board of Education was purely arbitrary, the complainant sustained a monetary loss of $447.

To the bill the defendants, members of the County Board of Education of Henderson County, interposed a demurrer charging that Chapter 451 of the Private Acts of 1939 was unconstitutional on several grounds, among which was that it violated Article 11, Section 8, of the Constitution of Tennessee in that said Act suspends the general law for the benefit or protection of particular individuals, grants to individuals benefits inconsistent with the general law of the State, grants to certain individuals rights, privileges, immunities, or exemptions not granted to others in the community, and grants to individuals of one county privileges and benefits not granted and enjoyed by individuals of other counties and communities of the State.

The chancellor sustained the defendants' demurrer, holding that said Chapter 451 of the Private Acts of the General Assembly of Tennessee for the year 1939 was violative of Article 11, Section 8, of the Constitution of Tennessee, and dismissed the bill at the cost of complainant.

The complainant insists in support of the Act that under its provisions the county is acting in its governmental capacity, and such being the nature of the Act, it is valid, although special.

■ There can be no doubt that education is a governmental function. *Quinn* v. *Hester,* 135 Tenn., 373, 186 S. W., 459. In exercising this function the county acts in a governmental capacity. There is a distinction, however, between legislation designed to affect the governmental agency as such and legislation designed primarily to affect the employees or citizens of such governmental agency as individuals. *State ex rel.* v. *Hamilton County,* 170 Tenn., 371, 95 S. W. (2d), 618.

By section 2325 of the Code it is made the duty of every county board of education "to elect principal, supervisors, teachers, attendance officers, clerical assistants, and other employees authorized by this statute, and to fix salaries for such authorized positions according to the provisions of this statute; and to make written contracts with all employees."

By section 2340 of the Code it is required that "all teachers must make a written contract with the county board of education at a fixed salary per month before entering upon their duties in any public elementary or high school."

By subsection (14) of section 2325 and subsection (2) of section 2346 of the Code the county board of education is directed to embody teachers' salaries contracted into a budget to be submitted to the quarterly county court, and that tribunal, if the budget is approved, levies an adequate tax to meet the same.

■ The whole scheme of the general educational law contemplates annual budgets, and the use of discretion

by board members in the selection of teachers and their tenure of employment.

 Under the provisions of the Act in question many of the principal provisions are suspended and in their places automatic extension of the terms of employment without consideration of the qualification of the teachers, their aptitude as instructors, and their natural qualifications, the only requirement being that the teacher who has been teaching in the system for the longest period is given preference over other teachers irrespective of the educational and professional qualifications of such teachers, and irrespective of the personal interest and efficiency of such instructors.

Complainant cites *State ex rel. Bise* v. *Knox County,* 154 Tenn., 483, 290 S. W., 405, 50 A. L. R., 1158, as being in point. The statute considered in that case provided a pension for Knox County teachers. However, the act in that case did not interfere with any general law of the State.

In the recent case of *Hamilton County* v. *Gerlach,* 176 Tenn., 288, 140 S. W. (2d), 1084, this court upheld the constitutionality of a private act providing for retirement compensation for employees of Hamilton County, but it was distinctly recognized in that case that the act then before the court did not run counter to any general statute. See, also, *Hamilton County* v. *Bryant,* 175 Tenn., 123, 132 S. W. (2d), 639; *City of Knoxville et al.* v. *State ex rel. Hayward,* 175 Tenn., 159, 133 S. W. (2d), 465.

Defendants have filed the record for writ of error and assigned errors, but under our view of the cause it is unnecesary to consider these assignments.

It results that we find no error in the decree of the chancellor and it is affirmed.