DAVIDSON COUNTY *v.* CITY OF NASHVILLE.

(*Nashville*, December Term, 1949.)

Opinion filed March 17, 1950.

HORACE OSMENT and CHARLES L. CORNELIUS, of Nashville, for complainant.

E. C. YOKLEY, City Attorney, REBER BOULT and WILLIAM HUME, all of Nashville, for defendant.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This is an appeal from the decree of the Chancellor holding Chapter 822, Private Acts of 1949, unconstitutional, and also holding that Chapter 752, Private Acts of 1929, is not applicable to Davidson County.

This cause has to do with the allocation of school funds in Davidson County. It is insisted that at the time

of the passage of the Private Act of 1929 it was not applicable to Davidson County, but applicable only to Shelby County; that by the Federal Census of 1940, the population of Davidson County had increased beyond 220,000, and by the terms of said Act it became applicable to Davidson County.

■ The Private Act of 1929, applicable to Shelby County undertook to change the allocation of school funds different from the general education law. It has been long recognized that education is a governmental function. *State ex rel. Bise* v. *Knox County*, 154 Tenn. 483, 290 S. W. 405, 50 A. L. R. 1158; *State ex rel. Bales* v. *Hamilton County*, 170 Tenn. 371, 95 S. W. 2d 618; *Hamilton County* v. *Bryant*, 175 Tenn. 123, 132 S. W. 2d 639; *Gilliam* v. *Adams*, 180 Tenn. 74, 171 S. W. 2d 813; *Southern* v. *Beeler*, 183 Tenn. 272, 195 S. W. 2d 857.

■ The Private Act of 1929 affected Shelby County in its governmental capacity since it was dealing with schools and a division of school funds. *Southern* v. *Beeler, supra.*

■ It has been indicated by decisions that when legislation deals with a county as a governmental agency, a description of the county by reference to population is unimportant. *Harbert* v. *Mabry*, 166 Tenn. 290, 61 S. W. 2d 652.

■ The Private Act of 1929 was never intended to affect any county in the State other than Shelby. The statement in the Act as to population is not material. So, as to this point, we hold that the Act has no application to Davidson County.

It is next insisted that Chapter 822, Private Acts of 1949, is a constitutional enactment. We think defendant's counsel are correct in their view that this Act,

which has to do with the allocation of school money and the distribution of educational funds, affects Davidson County in its governmental capacity. However, this does not mean that the Act is valid because it affects Davidson County in its governmental capacity.

". . . the legislature may constitutionally enact a special act affecting one particular county or municipality alone in its political or governmental capacity, provided such special act is not contrary to the provisions of a general law, applicable to all the counties or municipalities. In the latter event, the discrimination must be upon a reasonable basis. Otherwise, it is void." *Town of McMinnville* v. *Curtis,* 183 Tenn. 442, 448, 192 S. W. 2d 998, 1000.

". . . In *Gilliam* v. *Adams,* 180 Tenn. 74, 171 S. W. 2d 813, a private act which applied only to Henderson County and regulated the employment of school teachers as to qualifications, salaries, etc., was held invalid because it was in conflict with the general school law and in violation of Article XI, Section 8, of the Constitution." *Southern* v. *Beeler,* 183 Tenn. 272, 284-285, 195 S. W. 2d 857, 863.

The Private Act of 1949, by its provisions, radically changes the allocation of school funds from the General Education Bill of 1925, Williams' Code, Section 2306 et seq., and, therefore under our authorities, must fail.

We find no error in the decree of the Chancellor and it is affirmed.

All concur.