[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————

No. 24-12341

Non-Argument Calendar

————————————

WESTERN WYVERN CAPITAL INVESTMENTS, LLC,

Plaintiff-Appellant,

*versus*

BANK OF AMERICA, N.A.,

Defendant-Appellee.

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cv-00191-WFJ-SPF

————————————

Before ROSENBAUM, JILL PRYOR, and KIDD, Circuit Judges.

PER CURIAM:

Western Wyvern Capital Investments, LLC, appeals following the district court's grant of summary judgment on its claims against Bank of America, N.A., for breach of contract, promissory estoppel, and tortious interference, arising from a freeze placed on Western's investment account. As its sole argument, Western contends that the court abused its discretion by denying its motion to compel production of certain discovery based on an erroneous view of an evidentiary privilege for reporting suspicious activity. The discovery order in question was issued by a magistrate judge, however, and Western failed to object to that order before the district court. Under our precedent, therefore, Western has waived its challenge to the privilege ruling. So we affirm the grant of summary judgment.

## I.

Western describes itself as an entrepreneurial investment fund focusing on emerging technologies. In 2021, Western opened an investment account with Bank of America, N.A., and began conducting transactions. Not long after, Bank of America froze the account. The freeze remained in place for several months, until Western sued Bank of America in federal court in January 2022.

During discovery, Western sought to compel the production of 33 documents that Bank of America refused to produce under what the parties call the "suspicious activity report (SAR)

privilege." For context, the Bank Secrecy Act's implementing regulations require national banks to report suspicious activity to appropriate federal agencies, and they generally prohibit banks from "disclos[ing] a SAR or any information that would reveal the existence of a SAR" to others. 12 C.F.R. § 21.11(k).

A magistrate judge reviewed the challenged documents in private and issued an order ruling that Bank of America "did not over-apply the SAR privilege." The documents were "protected from disclosure by the SAR privilege," the magistrate judge wrote, "because they are evaluative and Defendant prepared them specifically to comply with federal reporting requirements."

Western did not object to the ruling or otherwise seek review by the district court. Then, following discovery, the district court granted summary judgment for Bank of America, finding no genuine dispute of material fact. Western now appeals, arguing that the court misapplied the SAR privilege and improperly "denied access to discoverable materials."

## II.

Ordinarily, we review the district court's handling of discovery issues for abuse of discretion. *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1413 (11th Cir. 1994). Here, though, the discovery order in question was issued by a magistrate judge, without subsequent review by the district court. According to Federal Rule of Civil Procedure 72(a),

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to

hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to.

Fed. R. Civ. P. 72(a). "We have read Rule 72 to mean that where a party fails to timely challenge a magistrate's nondispositive order before the district court, the party waived his right to appeal those orders in this Court." *Smith v. Marcus & Millichap, Inc.*, 106 F.4th 1091, 1099 (11th Cir. 2024) (quotation marks omitted); *see also Smith v. School Bd. of Orange Cty.*, 487 F.3d 1361, 1365 (11th Cir. 2007); *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1286 (11th Cir. 2003); *Farrow v. West*, 320 F.3d 1235, 1248 n.21 (11th Cir. 2003).

Rule 72(a)'s waiver rule applies here. The magistrate judge entered a nondispositive pretrial order denying Western's motion to compel documents withheld from production under the SAR privilege on May 3, 2023. Western did not timely object to the order under Rule 72(a), nor did it raise the issue at summary judgment. Because it failed to timely challenge the magistrate judge's nondispositive order before the district court, Western "has waived that issue for purposes of this appeal."[1] *Smith*, 487 F.3d at 1365.

---

[1] Western's contention that plain-error review still applies is inconsistent with our prior precedent, which binds us here. *See In re Lambrix*, 776 F.3d 789, 794

24-12341                Opinion of the Court                5

Accordingly, we affirm the grant of summary judgment in favor of Bank of America.

**AFFIRMED.**

---

(11th Cir. 2015) ("[U]nder this Court's prior-panel-precedent rule, a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*.") (quotation marks omitted).  And in any case, even if plain-error review may still apply, "[t]hat rare exception doesn't apply here because [Western] didn't argue in [its] initial brief"—and we otherwise see no indication in the record—"that reviewing [its] waived objection[] was necessary and in the interests of justice."  *Smith*, 106 F.3d at 1099.